WHEELER & WILSON MANUFACTURING COMPANY

v.

KATE LONG.

WRITTEN INSTRUMENT—SIGNING—FRAUD—CARE REQUIRED OF PERSON SIGNING.—Where one can read but does not, then to avoid an instrument which he has signed, he must show some artifice or trick by which he was prevented from reading it. The signature must be obtained by fraud, without negligence on the part of the signer.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed April 7, 1881.

This was replevin, brought in justice's court by Wheeler & Wilson Manufacturing Company against Kate Long, to recover a sewing machine. On appeal to the county court the case was tried by jury. The plaintiff proved the execution by defendant, and then gave in evidence the following contract:

"WHEELER & WILSON MANUFACTURING Co.,
"155 State St., Chicago, Illinois.
"$60. Feb. 1st, 1878.

"Received of the Wheeler & Wilson Manufacturing Company, one Wheeler & Wilson Sewing Machine, style No. 8, Plate No. 67,354, with its parts. To be returned to them on demand, and until such demand I agree to pay them for the use thereof Thirty-eight Dollars in hand, and Five Dollars per month while I keep the same: payable at the office of the Wheeler & Wilson Mf'g Co., No. 155 State St., Chicago, Ill., on the first day of each month following Feb. 1st, 1878, and agree to take good care of the same while in my custody, and

not to remove it from my residence, No. 282 W. 12th street, Chicago, without their written consent first had and obtained.

"No agent is authorized to make any contract or verbal promise differing from that written or printed on the face of this lease. '

"KATE LONG."

Witness: " L. M. BUCKLEY."

Also a bill of sale of defendant's old machine, duly executed by her, was put in evidence.

Evidence was given by plaintiff of non-payment of installments, and demand before suit brought. The defendant attempted to establish the defense that the instrument was obtained from her by fraud in the execution; but it appeared that she could read and write; that she knew what it was before she signed it, although she did not read it. There was no evidence of any false representation made by any agent of plaintiff in respect to the terms, or the nature or character of the agreement. The court gave for defendant the following instructions:

"1. The jury are instructed that if they shall believe from the evidence in this case, the defendant took the machine to the plaintiff's place of business to be repaired, and subsequently thereto she was induced by the plaintiff to take a new machine on trial upon the agreement, that if after a trial of the new machine the defendant came to the conclusion she did not want it, or did not like it, and that the old machine was to be returned to her upon paying for the repairs, the defendant in the meantime to retain the new machine in her possession, and use the same until plaintiff had returned the old one, or until they had found the same; and if the jury shall further find from the vidence that, in consequence of such arrangement or agreement, the defendant consented to take the new machine, and thereupon signed the lease or paper produced in evidence, supposing it contained such arrangement or agreement, and that thereafter the defendant not being satisfied with the new machine, notified the plaintiff of her purpose not to take it, and thereupon the defendant paid for the repairs of the old machine, and requested its return, the plaintiff to do so as soon

as the same could be found ; then if you shall so find from the evidence, you are instructed that under such a state of facts, if true, the defendant had a right to retain in her possession the new machine until her old machine was restored, and in such case your verdict must be for the defendant.

" 2.   The court instructs the jury that fraud vitiates all contracts, and no recovery can be had under a contract where the signature of the party sought to be held to such contract, has been obtained through false and fraudulent representations respecting its nature and character.   So if, in this case, the jury are satisfied from the evidence that the defendant was induced by the agent of the plaintiff to sign the lease in question for the machine, upon the representations that it contained the agreement as testified to by her, then the jury are instructed to disregard the lease as having no binding force between the parties, nor could the plaintiff in such case claim any rights under it."

The jury found for defendant, and plaintiff moved for a new trial, which motion the court overruled, and gave judgment on the verdict.   The bill of exceptions contains all the evidence.

Mr. D. M. FLANNERY, for appellant; that to avoid a written instrument there must be some false representation of material facts, some means used to deceive or circumvent the signer, cited Walker v. Hough, 59 Ill. 375; Mitchell v. Deeds, 49 Ill. 416; Fauntleroy v. Wilcox, 80 Ill. 477; Tuck v. Downing, 76 Ill. 97; Sims v. Klein, Breese, 302; Dunbar v. Bonesteel, 3 Scam. 32; St. L. Ry. Co. v. Rice, 85 Ill. 406.

A person signing an instrument must protect himself by the observance of ordinary prudence: Cooley on Torts, 408; Elliott v. Levins, 54 Ill. 213; Tuck v. Downing, 76 Ill. 71; Swannell v. Watson, 71 Ill. 456; Leach v. Nichols, 55 Ill. 273: Homes v. Hale, 71 Ill. 552; Simms v. Klein, Breese 371.

Messrs. SNOWHOOK, JOHNSTON & GRAY, for appellee.

McALLISTER, P. J.   We are of opinion, after careful consideration of the evidence, that the verdict in this case is manifestly against the weight and preponderance of the evidence,

and the court below should have set it aside for that reason, if for no other. We are also of opinion that the first instruction for defendant was wrong. From the whole testimony it appears that defendant exchanged her old sewing machine for a new one. She executed a bill of sale of the old one, and an instrument in the nature of a lease or bailment, of the new one. Her signature was proved and these papers introduced in evidence by plaintiff. Being both made at the same time and touching the same transaction, they should be construed as one instrument or agreement; and as such they covered the whole subject-matter, and if valid, afforded the only test as to the rights of the parties. It was, of course, competent for defendant to defeat the written agreement by showing that her signature to it was obtained by fraud and circumvention, so as to render it *ab initio* void, or that it was rescinded by mutual consent of the parties to it after it was made. The instruction however contains no such hypothesis, and was for that reason erroneous.

We think the second instruction was also improper. It is in effect, that if defendant was induced by the agent of the plaintiff to sign the lease in question for the machine upon the representation that it contained the agreement as testified to by her, then the jury should disregard such lease, etc. It appeared in evidence that defendant on two former occasions had dealt with plaintiffs for machines, under this same leasing plan. She testified that she knew the instrument in question was a lease when she signed. She could read and write. She did not read this, or ask to have it read to her. And there is no testimony that any body represented to her that the paper contained any terms or provisions which it does not contain. There was nothing on the question of fraud in obtaining the execution of the instrument to submit to the jury. When a person is not illiterate, blind, or unacquainted with our language, it will not do to submit the validity of a written instrument to a jury upon such hypotheses as those in the instruction under consideration. Even an illiterate person will be bound if he execute without requiring the instrument to be read. Thoroughgood's case, 2 Coke, 9. Where one can read

but does not, then to avoid the instrument he must show some artifice or trick by which he was prevented, or in other words, the jury must be satisfied that the signature was obtained by fraud without negligence on the part of the signer.  Strong et al v. Linington, decided at this term.

The judgment must be reversed and the cause remanded.

Reversed and remanded.