## Mary Miller, et al., v. Mutual Reserve Fund Life Asso. ciation.

### Gen. No. 11,007.

1. RELEASE—*when fraud in obtaining, cannot be relied upon in court of law.* Fraud in the execution of an instrument may be shown in a court of law; but where the fraud consists in fraudulent representations as to collateral facts or as to the nature or value of the consideration for the instrument, equity must be resorted to to reform or set aside the instrument.

2. RELEASE—*when replication to plea of, is not sufficient.* A replication to a plea setting up a release is not sufficient where its material averment is that such release was signed in reliance upon alleged false and fraudulent representations that such instrument was nothing more than a receipt for a specific sum, inasmuch as such averment is not the equivalent of an allegation that the plaintiff would not have signed such instrument had he known that it was something more than a simple receipt. Such a replication, likewise, to be good should aver facts from which it can be inferred that the plaintiff's signature was obtained by means of a trick or device by which he was led to sign a paper which he did not intend at the time to execute. Such a replication, likewise should show that such signature was obtained by fraud without negligence upon the part of the signer.

3. ACCORD AND SATISFACTION—*when, will be sustained.* An accord and satisfaction of a disputed claim for a sum less than that demanded by the claimant will be sustained.

Action of assumpsit upon benefit certificate. Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 12, 1904.

**Statement by the Court.** This is a suit upon a certificate of membership issued by the defendant in error to one Frank Miller, now deceased, which provided for payment 'of one thousand dollars to Mary Miller, his wife, one of plaintiffs in error, and their children, within ninety days after receipt of satisfactory evidence of the death of such member.

The defendant filed a plea of general issue, and also a special plea setting out in full an instrument under seal constituting, it is said, a common law accord and satisfaction,

which released all claims under the membership certificate. The plaintiffs replied double, alleging, first, that the said release was obtained from plaintiff under duress, and second, that it was obtained by fraud. To these replications the defendant filed a general demurrer, which was sustained, and plaintiffs standing by their replications, judgment was rendered against them, from which they prosecute this appeal.

JEROME PROBST, for plaintiffs in error.

CHESTER E. CLEVELAND, for defendant in error; GEORGE BURNHAM, JR., and SEWELL T. TYNG, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of the plaintiff in error that the fraud and duress alleged in the first replication to have been employed by the defendant in error to procure the release set up in the special plea, were of a character such as can be availed of in this action at law, and that the demurrer to said replication was therefore erroneously sustained. Fraud in the execution of the instrument itself may be shown in an action at law; but " where the fraud consists in fraudulent representations as to collateral facts, or as to the nature or value of the consideration of the instrument, equity must be resorted to to reform or set aside the instrument." Papke v. Hammond, 192 Ill. 631, 635. To be available in an action at law, the fraud must appear in the execution of the instrument. The signer must be deceived into signing by the belief that he is signing something different from that which he really does sign. In the case last cited, it is said that such fraud in the execution is practiced " where the instrument is misread to the party signing it, or where there is a surreptitious substitution of one paper for another, or where by some other trick or device a party is made to sign an instrument which he did not intend to execute. In such cases the nature of the instrument signed is not fully understood by the party signing it." It

is wanting in the voluntary assent of the party to be bound by it. Fraud or duress of that character differs from a case where the execution is induced by misrepresentation as to facts outside the instrument, whether as to collateral matters or as to the nature and value of the consideration, but where the signer nevertheless is aware of the nature and character of the instrument itself. In the latter case, the aggrieved party must resort to equity to reform or set aside the instrument. Measured by these rules, the demurrer to the first replication was correctly sustained. That replication sets forth that while plaintiffs were in financial distress and the widow in poor health and worried by then existing conditions, an agent of the defendant falsely and fraudulently charged the said Mary Miller, widow of the deceased Frank A. Miller, with obtaining money under false pretenses by drawing a pension for injuries alleged to have been sustained by the deceased in the war of the rebellion, whereas it was claimed by such agent, the deceased had stated in an application made to the defendant company, that he was and always had been in good health and had never received any injury; that said agent threatened unless the plaintiffs would accept two hundred dollars in full payment under the benefit certificate and receipt the latter in full, he, the agent, would cause the United States Government to stop payment of the pension, and cause said Mary Miller to be arrested and prosecuted; and that it was under the influence of these threats, the release was executed. It is apparent that alleged fraudulent representations such as these relate to collateral matters and not to the execution of the instrument itself. Here was no misrepresentation as to the nature of the instrument signed, but only as to facts outside of the instrument itself, and in such case relief must be sought in equity.

The second replication to which the demurrer was likewise sustained, sets forth that the defendant's said agent "falsely and fraudulently represented to the said plaintiffs that said writing or release was a simple receipt for two hundred dollars insurance money and nothing more," and

that the instrument was signed in reliance upon and belief in such representation. The material averment in this replication is that the release was signed in reliance upon and belief in an alleged false and fraudulent representation that the instrument was nothing more than a receipt for two hundred dollars. This is not equivalent to an averment that plaintiffs would not have signed it had they known it was something more than a simple receipt. Nor does the averment state any facts from which it can be inferred that the plaintiffs' signatures to this lengthy instrument, containing nearly five printed pages, executed upon one day, and acknowledged the next by persons who for aught that appears were perfectly able to read it, were obtained by means of any trick or device by which plaintiffs were led to sign a paper which they did not at the time intend to execute. We are inclined to agree also with defendant's attorneys that by this averment the false representation appears to have been merely a misstatement as to the construction or legal effect of the instrument. At all events the replication fails to show that the signatures were obtained by fraud without negligence on the part of the signers. Richelieu Hotel Company v. International Mil. Encamp't Co., 140 Ill. 248, 257; Latham v. Smith, 45 Ill. 25-27; Wheeler & Wilson Mfg. Co. v. Long, 8 Ill. App. 463-466.

It is said that the replication may be sustained upon the ground that the obligation of the defendant under the benefit certificate could not be legally satisfied by the payment of $200 instead of the full $1,000. It clearly appears, however, from the plaintiff, that there was an actual controversy between the parties and that the release was in settlement of disputed demands. In such cases the court will not go behind the settlement to determine which of the parties was right. Bingham v. Browning, 197 Ill. 122, 136.

The judgment of the Superior Court must be affirmed.

*Affirmed.*