# WILLIAM A. LATHAM

*v.*

# JOHN E. SMITH.*

1. PLEA — *when it must be sworn to.* If it were to be considered at all essential to the validity of a promissory note that a revenue stamp should be placed thereon, duly canceled, a plea in an action on the note denying that the initials of the maker which are found on the stamp were made by him or by his authority, should be verified by affidavit.

2. EVIDENCE — *hearsay.* In a suit upon a promissory note by an assignee thereof, testimony in regard to a conversation had between the maker and the payee of the note at the time it was executed, cannot be regarded as hearsay.

3. PROMISSORY NOTE — *fraud and circumvention in obtaining the same.* Fraud and circumvention in obtaining a note, is not fraud which relates to the quality, quantity, value or character of the consideration that moves the contract, but it is such a trick or device as induces the giving of one character of instrument under the belief that it is another of a different character, — such as giving a note or other agreement for one sum or thing when it is for another sum or thing, or giving a note under the belief that it is a receipt.

4. So a misrepresentation by the payee of a note, in regard to the legal effect of the instrument, — as that it would not become operative as such until the maker should put a revenue stamp upon it and the property for which it was being given should be delivered, — is not such fraud and circumvention in obtaining the note as will amount to a defense against an assignee without notice, the maker being aware that, in form, the instrument was what it purported to be.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

* This case was decided at the November Term, 1866, but was necessarily omitted from its proper place in the reports of that term.

This was a suit commenced before a justice of the peace in Marion county, by William A. Latham, as the assignee of a promissory note, against John E. Smith, the maker. The cause was removed into the Circuit Court by appeal, where a trial resulted in a verdict and judgment for the defendant. The plaintiff thereupon sued out this writ of error. The questions arising under the assignment of errors are presented in the opinion of the court.

Messrs. WILLARD & GOODNOW, for the plaintiff in error.

Mr. B. B. SMITH, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted, as the evidence shows there was no stamp on the note when it was delivered to the payèe, that the court erred in admitting it in evidence. When the note was offered in evidence there was a proper revenue stamp attached, and it was canceled by having written on its face the initials of the maker's name and the date of the note. If the stamp is essential to the validity of the note, and it was wrongfully attached and canceled without authority, it could not give validity to the instrument. If necessary, the note was as incomplete as if it had lacked the maker's signature, and the attaching and canceling it without authority would be as unauthorized as writing the maker's name to the instrument without authority. If that is important, it is the last act essential to its validity, and is as much the act of the maker as is the signature. And the law will no more presume that a holder will attach a stamp and cancel it, than that he would attach the maker's name. And where he denies that the initials on the stamp are his, he should, as it is a part of the execution, verify his plea by affidavit, as in other cases, and the issue should be tried by the jury. There was, therefore, no error in admitting the note in evidence under the pleadings in this case.

It is likewise insisted that the testimony of B. F. Smith was only hearsay, and was, therefore, inadmissible. We are at a loss to perceive the force of this objection. It is true, that he detailed a conversation which occurred between the maker and the payee, at the time when the contract was made and the instrument was delivered. He was present and heard what they said, and only testifies to what he heard. He did not learn the facts of which he speaks from third persons. Had he not heard the conversation of the parties, but had learned it from others, then it would have been hearsay evidence, and inadmissible.

It is also urged that the evidence fails to sustain the verdict — that it does not establish fraud and circumvention in obtaining the note. The defense is provided for in the eleventh section of the chapter entitled "Negotiable instruments." It declares that, "if any fraud or circumvention be used in obtaining the making or execution of any of the instruments aforesaid, such fraud or circumvention may be pleaded in bar to any action to be brought on any such instrument so obtained, whether such action be brought by the party committing such fraud or circumvention, or any assignee or assignees of such instrument." A note is one of the instruments referred to in this section. A fraud in obtaining a note may consist of any artifice practiced upon a person to induce him to execute it, when he did not intend to do such an act. Circumvention seems to be nearly, if not quite, synonymous with fraud.

It is any fraud whereby a person is induced by deceit to make a deed or other instrument. It must be borne in mind, that the fraud or covin must relate to the obtension of the instrument itself, and not to the consideration upon which it is based. It is not fraud which relates to the quality, quantity, value or character of the consideration that moves the contract, but it is such a trick or device as induces the giving of one character of instrument under the belief that it is another of a different character; such as giving a note or other agreement for one sum or thing, when it is for another sum or thing; or as giving a note under the belief that it is a receipt. *Woods* v. *Hynes,*

1 Scam. 103; *Mulford* v. *Shepard*, id. 583; *Adams* v. *Wooldridge*, 3 id. 255. When the fraud relates to the consideration, the defense must be for a total or partial failure of consideration moving the execution of the instrument.

The misrepresentations in this case related to the legal effect of the instrument, and not to the form of the note. The declaration was not that it was simply a memorandum of their agreement. But the payee said it was not a note, that it could not be considered such until the stamp was attached and the property was delivered. It appears that the maker could read, and the presumption must be indulged that he read it before he attached his signature to the instrument. If then there was any misrepresentation, it related to the legal effect, and not to the character of the instrument. The maker could, and was bound to, judge of the legal import of such an instrument. If a stamp was essential, then it was not a note when it was delivered, and never became such unless he afterward placed the stamp on it, or authorized it to be done. We are therefore of the opinion that this evidence fails to show such fraud and circumvention as avoids the note in the hands of an innocent holder, taking it by assignment before its maturity. There is no pretense that he did not know the amount specified in it, or the person to whom, or the time when, it was payable; but the defense relied upon is, that he was misled as to the effect and consequences of giving such an instrument. We are therefore of the opinion that the evidence fails to sustain the verdict, and that the court erred in overruling the motion for a new trial; and the judgment must be reversed and the cause remanded.

*Judgment reversed.*