## CHARLES M. HARDY *et al.*

### *v.*

## CYRUS KEELER.

1. TROVER — *whether a demand necessary — what constitutes a wrongful taking.* No demand is necessary in order to maintain an action of trover, where the original taking was tortious and wrongful.

2. A bailee of chattels, without the knowledge or consent of the owner, mortgaged them to secure rent, and, upon the rent coming due and remaining unpaid, the landlord seized the property with a view to a foreclosure of the mortgage. Thereupon the owner replevied the property and placed it back in the possession of the original bailee, and, while so in the possession of the latter, the landlord again seized the property, through his agents, under a distress warrant issued by him against the bailee: *Held,* the property when placed in the hands of the bailee, under the writ of replevin, was in the custody of the law, and its seizure by the landlord under his distress warrant was wrongful, so that the owner could maintain trover therefor without having first made a demand.

3. ATTORNEY AT LAW — *whether liable to an action for a wrongful seizure.* An attorney at law is not liable for any illegal seizure that may be made under a writ or warrant which he may happen to prepare.

4. But if an attorney, in addition to preparing a distress warrant, shall send his clerk to assist in the levy thereof, thus becoming an assistant bailiff to the landlord, he will be held liable for any and every illegal seizure that may be made by his assistants under the warrant, and the plea that he is an attorney will not avail for his defense.

5. ERROR WILL NOT ALWAYS REVERSE — *erroneous instructions.* A judgment will not be reversed, although some of the instructions may be technically wrong, where they were not calculated to mislead the jury, and justice has been done.

APPEAL from the Recorder's Court of the city of Chicago; the Hon. WILLIAM K. McALLISTER, Judge, presiding.

This was an action of trover, brought by Keeler against Hardy, Dailey and Miller. There was a verdict and judgment for the plaintiff. The defendants Hardy and Dailey appealed.

Mr. C. M. HARDY, for the appellants.

Messrs. KINNEY, PECK & KINNEY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The evidence sufficiently sustains the claim of title to the property in question in the appellee, at least it is of such a character that the verdict of a jury finding that issue in his favor will not, and ought not, to be disturbed by an appellate court.

It is insisted that the appellee can not recover on the evidence in this case, in an action of trover. The action was originally commenced in replevin, before a justice of the peace, but the property was not found by the officer; service of the writ was had on the appellants, and the suit progressed as in an action of trover.

It appears that the appellee allowed his former wife, who had been divorced from him, to have the use of the property in question. It seems that she had rented the house of one William T. Miller, impleaded with the appellants, and to secure him in the rents, she executed to him a chattel mortgage on the property. It does not appear that appellee knew of the execution of the mortgage at the time, or that he ever ratified the act after he received information of what had been done by his former wife. The rent was not paid when due, and the landlord undertook to foreclose the chattel mortgage, and for that purpose seized the goods with a view to sell the same in satisfaction of the mortgage indebtedness. Immediately upon receiving information of the seizure of the goods, the appellee replevied the goods of the officer having the same in possession, and placed them back again in the possession of Mrs. Keeler. The landlord then issued his distress warrant for the rent due, and, by the direction of the appellant Hardy, the goods were again seized by the bailiff, with the assistance of the appellant Daly, and taken out of the possession of Mrs.

Keeler, where they had been placed by the appellee when the same were replevied only a short time before. This last taking, alleged to be wrongful, is the act complained of, and to recover damages for which wrongful taking, this suit was instituted.

The general rule is, that before a party can maintain trover, he must prove that he has a general or special property in the goods, and, if the original taking is not wrongful or tortious in its inception, he must prove a conversion of the property, or, where there is no actual conversion, such demand, and refusal to return the property before the commencement of the suit as amounts to a conversion in law. The rule is, however, well settled, that if the taking in the first place is tortious and wrongful, no demand is necessary before bringing the suit.

Was the original taking in this instance wrongful? The goods were in the custody of the law at the time, and the appellants well knew that fact. They knew that the goods had just been replevied by the appellee and that that action was then pending and undetermined. For the time being the law had placed this property in the possession of the appellee as the lawful owner. The possession of Mrs. Keeler was appellee's possession, and rightfully so. In defiance of the mandate of the law, and in utter violation of the rights of appellee, these appellants make themselves the willing agents of this landlord to seize and remove the property. The property was then in the possession of the appellee by virtue of the writ of replevin and by force of the law, and the appellants, without any process of any kind against him, seize and remove the property, and so far as this evidence discloses, it was wholly lost to the appellee.

These acts were sufficient, in themselves, to constitute a wrongful taking of the goods, and no demand was necessary before bringing the suit. The law does not impose upon the owner of property the duty to go to a wrong-doer and demand of him that he restore that which he has seized in violence and in defiance of law, before he can institute his action for redress. This is the exact status of this case, and these appellants can

not be heard to say that a demand is necessary before they can be compelled to make reparation for their wrongful and illegal acts.

But the appellant Hardy insists that he was simply acting as the attorney of the landlord and only wrote the distress warrant at his instance, and is not therefore liable even if the goods were wrongfully seized. If this was all that the appellant did, he certainly would not be liable. An attorney is not liable for any illegal seizures that may be made under a writ or warrant that he may happen to prepare. But the evidence shows that the appellant Hardy, in this instance, did something more than merely to prepare the warrant as requested by the landlord. It is not denied that he sent his clerk, Daly, the other appellant, to assist the officer to make the levy under the distress warrant. If a respectable attorney will consent to act as assistant bailiff to every landlord that may seek to avail of his professional services, he may expect to be held liable for any and every unlawful seizure that may be made by his assistants under the warrant, and the plea that he is an attorney will not avail for his defense.

We are satisfied, from a careful consideration of the evidence, that complete justice has been done, and the instructions refused for the appellants, and those given for the appellee, even if they were technically wrong, were not of such a character as would tend to mislead the jury; and we would not, for that reason alone, disturb the verdict. But if the instructions be taken and considered together, as they ought to have been, and as we have no doubt the jury did consider them, they do, substantially at least, state the law correctly. There is no substantial error in the record. Let the judgment be affirmed.

*Judgment affirmed.*

MCALLISTER, J., took no part in the decision of this case.