JEFFERSON MUNSON, use, etc.

v.

ROSWELL C. NICHOLS.

1. FRAUD AND CIRCUMVENTION—*in obtaining the execution of a promissory note.* In an action on a promissory note by an assignee thereof before maturity against the maker, the defendant filed a plea, which disclosed facts showing that by an artifice of the payee of the note the defendant was induced to sign it as one payable absolutely, under the belief that he was signing another one of a different character, payable only on a contingency: *Held,* that such facts constituted fraud, not merely in relation to the contract or consideration of the note, but such fraud and circumvention in obtaining its execution as, under the statute, was pleadable in bar to any action on the note by any assignee.

2. SAME—*of the negligence of the maker, and whether it may be urged on demurrer to a plea.* Nor could it be urged as matter of law on demurrer to such a plea that it disclosed facts showing such negligence on the part of the payee in executing the note and allowing it to go into circulation as avoided the defense. That would be a question of fact for the jury to determine.

WRIT OF ERROR to the Circuit Court of Kankakee County; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of assumpsit brought by Jefferson Munson, who sued for the use of Christopher C. Robinson, against Roswell C. Nichols, upon a promissory note executed by Nichols, March 23, 1868, payble one year after the date thereof, to H. Burbank, or bearer, and assigned to Munson, June 30, 1868.

To the declaration filed in the cause the defendant filed five pleas, the following being the last in the series:

And for a further plea in this behalf the defendant says *actio non,* because he says that the execution of said promissory note sued upon in the first count of said plaintiff's declaration was obtained by the said H. Burbank, the payee of said note, by fraud and circumvention; that the said H. Burbank caused the defendant to purchase an interest in a certain patent right, known as "Elliott's Improved Hay Loading Device," in and for the towns of Kankakee, Bourbonnais, and

Limestone, in said Kankakee County; and to make such sale to the defendant of an interest in said patent right, the said H. Burbank came to defendant while he was husking corn on his farm in said town of Limestone; that said Burbank falsely pretended to defendant that Otis Durfee, the brother-in-law of defendant had sent him, the said Burbank, to defendant with a request that defendant should purchase an interest in said patent right, and that the said H. Burbank then and there said to defendant, that if he would purchase an interest in said patent right in the towns aforesaid, he, the said Burbank, would take in payment for the same the note of the defendant for the sum of ninety dollars, payable when the said defendant should realize from the sale of said hay loading device an amount equal to the face of said note, with interest at ten per cent from date. And the defendant avers that he was induced by the said Burbank upon his representations and offer aforesaid to purchase an interest in said patent right in the towns aforesaid, the said defendant then and there accepting the offer of said Burbank aforesaid. And defendant further avers that the said Burbank did then and there show to the defendant a printed blank note, containing the express condition printed in the same, that the said note was payable when the defendant should realize an amount equal to the face of the note from sales of said hay loading devices, and the said Burbank said he would fill up said blank note, after which the defendant was to sign the same. And the defendant further says that said Burbank then and there, in said corn field, pretended to place said blank note containing the conditional payment of the same as aforesaid, upon a memorandum book, held by him, the said Burbank, when and where the said Burbank pretended to fill up the blanks in said blank note, in pursuance of and agreeably to the agreement between the said Burbank and the defendant in the sale and purchase of said patent right as aforesaid. And the defendant further says said Burbank so held said memorandum book while he was pretending to fill up said blank note that defendant could not see or observe the particular movements

of said Burbank, and that as soon as the said Burbank had finished filling up the said blanks, he looked with sudden and marked interest toward the public highway where the said Burbank had left his team of horses and carriage, and falsely and fraudulently expressed his great alarm lest his team should run away, as he had forgotten to hitch the said team of horses, and urgently requested defendant to sign the note so filled up by said Burbank, in great haste, so that he, the said Burbank, might reach his team before they ran away. And the defendant further says that he did sign the note filled up by said Burbank; that said note was signed by the defendant on the memorandum book held by said Burbank; that the defendant, to comply with the urgent request of said Burbank to make haste as aforesaid, only looked at the note filled up to see if the proper amount had been written in the blank. And the defendant says that he supposed he was signing the conditional note aforesaid, and supposed the said Burbank had filled up the blank note shown to defendant as aforesaid, and none other.

And the defendant further avers that said Burbank, fraudulently pretending to fill up said blank note, shown to, and read by defendant as aforesaid, did then and there fraudulently fill up a different note, to-wit: the one sued upon in the first count of said plaintiff's declaration. And defendant further avers, that he, confiding in the common honesty of the said Burbank, and not suspecting that said Burbank had fraudulently substituted the note sued upon in the first count of said declaration, in the place of the blank note read by defendant as aforesaid, signed the said note sued upon in the first count of said declaration, supposing it was the note read by the defendant as aforesaid. And if the defendant had known that the said Burbank had filled up the note sued upon in the first count of the said declaration for him to sign, he, the defendant, would not have executed the same, and the note which he did execute, as appears from the note declared upon, is a different one from the note read by defendant as aforesaid. And this, the defendant is ready to verify, wherefore he prays judgment, etc.

8—62 Ill.

To this plea, a demurrer interposed by the plaintiff was overruled by the court, and, the plaintiff electing to abide by his demurrer, judgment was rendered in favor of the defendant, to reverse which the plaintiff brings the record to this court.

Mr. W. H. Richardson, and Mr. H. L. Richardson, for the plaintiff in error.

Mr. William Potter, for the defendant in error.

Mr. Justice Sheldon delivered the opinion of the Court:

The error assigned upon this record is, in overruling the demurrer to the fifth plea.

The facts disclosed by the plea show, that by an artifice of the payee of the note, the defendant was induced to execute it as one payable absolutely, under the belief that it was another one of a different character—one payable only on a contingency.

This makes a case, not merely of fraud in relation to the *contract or consideration* of the note, but of fraud and circumvention in obtaining the making or executing of the note, which, under the eleventh section of the act relative to negotiable instruments, *is pleadable in bar to any action* brought on the note by any assignee of it.

We think it clearly a case contemplated by the statute. *Woods* v. *Hynes* 1 Scam. 103 ; *Mulford* v. *Shepard,* Id. 583 ; *Latham* v. *Smith* 45 Ill. 25.

It can not be said as a matter of law, that the plea shows such negligence on the part of the payee as avoids the defense. It would be a question of fact, for the jury to pass upon and determine, whether the payee was guilty of such negligence in executing the note, and allowing it to go into circulation, as should preclude him from setting up the defense.

Perceiving no error in overruling the demurrer, the judgment is affirmed.

*Judgment affirmed.*