GEORGE A. SHUFELDT

*v.*

THE FIDELITY SAVINGS BANK, ETC.

1. PLEADING—*general issue in assumpsit.* A plea of the general issue in assumpsit, that the defendant did not "promise in manner or form," omitting the words, "undertake or," is good, and it is error to sustain a demurrer to the same.

2. PRACTICE—*special demurrer—amendment.* If the plea were defective in this particular, it could only be taken advantage of on special demurrer,

and it would be the duty of the court to allow the formal amendment to be made at once, without prejudice to the rights of the party asking leave. Not to do so, should leave be asked for that purpose, would be an abuse of discretion.

WRIT OF ERROR to the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

Messrs. SHUFELDT & WESTOVER, for the plaintiff in error.

Mr. W. B. BRADFORD, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case was on a promissory note, and to which defendant pleaded the general issue, with notice under the statute of special matters of defence that would be relied on at the trial.

Plaintiff interposed a general demurrer to the plea of the general issue, which was by the court sustained. The plea is in the usual form of the approved precedents, except it omits the words, "undertake or," but simply traverses the averments of the declaration by the use of the other words contained in such pleas, did not "promise in manner or form." The objection made is entirely too technical to be sustained by this court. The words, "undertake," and "promise," are equivalent words, and the use of either of them constitutes as effectual a traverse of a declaration in the usual form in assumpsit as would the use of both of them.

But should it be conceded the plea was defective in the particular indicated, as not conforming to approved precedents, it could only be taken advantage of on special demurrer, and it would be the duty of the court to allow the formal amendment to be made at once, without prejudice to the rights of the party asking leave. Not to do so, should leave be asked

for that purpose, would be an abuse of that discretion with which courts are clothed in such matters.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*