# George H. Dennis
## v.
## John W. Piper.

*Negotiable Paper—Suit by Surety on Note Given to Indemnify Him—Fraud and Circumvention—Notice—Pleading.*

1. A plea of fraud and circumvention in procuring a note, from which it appears that the surety was not deceived as to its character or amount and in which it is alleged that certain representations as to what future circumstances might create a liability were false, is bad on demurrer.

2. One of two notes, made by the same principal, was given to indemnify the surety on the other note. In an action by said surety on the note payable to him, it is held that a plea to the effect that the plaintiff failed to give the statutory notice to the payee of the other note, is bad on demurrer, the defendant not having requested the plaintiff to give such notice.

3. The payment of interest already due on a note constitutes no consideration for its extension.

4. The language of a plea must be construed most strongly against the pleader.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court for Greene County; the Hon. GEO. W. HERDMAN, Judge, presiding.

Messrs. W. M. WALLACE and JAMES R. WARD, for appellant.

Mr. W. M. WARD, for appellee.

CONGER, J. This was an action of assumpsit on a note for $650, dated October 6, 1882, payable to appellee and signed by one O. R. Southworth, and appellant. To the declaration, appellant filed a plea of *non assumpsit,* upon which issue was joined, and three special pleas. The second plea was as follows:

2d. Plea by defendant, George H. Dennis, alleging that the causes of action in plaintiff's declaration were one and the same, to wit, the note sued on; that John W. Piper, the payee, and O. R. Southworth, the principal maker, obtained from him the same by the use of fraud and circumvention; that Piper and Southworth before the execution of said note, on, to wit, October 6, 1882, colluding together to injure and defraud him, the defendant, falsely and fraudulently represented to him that if he (Dennis) would execute the said note sued on, as surety, that he (Dennis) would only be liable thereon in case of a failure on the part of said Piper to pay another note for $650, which Piper had signed as surety for Southworth and payable to B. B. Bartholomew, of the same date, to wit, October 6, 1882, and that the note in the declaration mentioned was for the purpose of indemnifying Bartholomew from loss in case of a failure to make the amount payable to him, out of the said Southworth, principal, and Piper, the surety; that he (Dennis) signed the note as surety for the purpose of collaterally securing the payment to Bartholomew of the note signed by Southworth and Piper; and that it was agreed and understood by and between Piper, Southworth and himse'f, that he (Dennis) was to be liable on the note sued on only in case

of the failure of Piper to pay Bartholomew the note South-
worth and Piper had executed to Bartholomew, and that
Piper had afterward on, to wit, August 6, 1885, paid to
Bartholomew the amount of said note.

This is not a good plea of fraud and circumvention. "A
fraud in obtaining a note may consist of any artifice practiced
upon a person to induce him to execute it, when he did not in-
tend to do such an act. It is not fraud which relates to the
quality, quantity, value or character of the consideration that
moves the contract, but it is such a trick or device as induces
the giving of one character of instrument under the belief
that it is another of a different character, such as giving a note
or other agreement for one sum or thing, when it is for an-
other sum or thing, or as giving a note under the belief that
it is a receipt." Latham v. Smith, 45 Ill. 25.

It is not alleged in this plea that appellant was in any way
deceived in reference to the instrument he signed, either as
to its character or amount, but only that there were false rep-
resentations made as to what future circumstances might create
a liability upon the note, which could only be made available
in a different plea from the one here presented.

The third plea was as follows:

3d. Plea by George H. Dennis, defendant, alleging that
the note sued on was given as collateral security for a note
maturing at the same time and of the same date and amount as
the note sued on; that O. R. Southworth was principal, and
plaintiff, Piper, was surety on the other note; that the prin-
cipal maker, Southworth, on August 6, 1883, at maturity of
said note, had sufficient property free from all incumbrances
and exemptions to have paid said other note, and that had the
surety, Piper, given to the payee of said other note proper
notice to bring suit on said other note at the maturity thereof,
and used any diligence to secure the payment of said other note
to the payee thereof, that said Piper would have been lawfully
released from the payment of said other note, which release
of said Piper would have released him, Dennis, from the note
sued on, and that although the said Piper could have been re-
leased as aforesaid from the payment of said other note by the

use of ordinary diligence as aforesaid, yet he failed wholly, wilfully, fraudulently and negligently so to do, to the great and needless damage of defendant, (Dennis); that he (Dennis) was wholly powerless to compel said plaintiff, Piper, to give said notice, and because he was thus powerless and unable to compel plaintiff to take proper steps to release both plaintiff and defendant (Dennis) from their respective notes, and because the plaintiff has in this respect acted in bad faith toward defendant, when he could and should have kept defendant harmless, he, the defendant, became thereby released from all liability on said note, and that two years after said other note became due, to wit, August 6, 1885, the principal, Southworth, became and is now insolvent, and that by the negligence of the plaintiff it is impossible to recover anything from said Southworth, the principal maker of both notes.

This plea presents no defense. Piper would not be required to give the statutory notice to Bartholomew to bring suit unless requested by Dennis.

Dennis had it in his power to compel Piper to sue Southworth and himself upon this note now in suit had he desired to give the proper notice to Piper, and the amount could have been made, according to the showing of the plea, out of the principal, Southworth, and thus released all the sureties. The fourth plea is as follows:

4th. Plea by defendant, George H. Dennis, alleging that the whole consideration of the note sued on was for the benefit of the principal maker, Southworth, and no part was for the benefit of defendant, Dennis; that he (Dennis) was surety on said note; that the plaintiff knew the aforesaid facts at the time of the execution and delivery of said note; that after the maturity of said note, on August 6, 1883, the plaintiff, for a valuable and binding consideration, to wit, $52, as interest, then and there paid to him by said Southworth, contracted and agreed then and there with said Southworth to extend the time for the payment of said note, and did then and there as aforesaid, for the consideration aforesaid, extend the time of the payment of said note until the 6th day of August, 1884, to the said Southworth, without the knowledge or consent of

defendant (Dennis), and that said Southworth did then and there at the maturity of said note agree to keep the money one year longer as aforesaid, at the same rate of interest, and that afterward, on August 6, 1884, the plaintiff, without the knowledge or consent of the defendant (Dennis), did a second time especially contract and agree with said Southworth, for a valuable consideration, the further sum of $52 to him paid as interest, to extend the time of payment of said note from August 6, 1884, to August 6, 1885, and that said Southworth did then and there agree to keep said money at the same rate of interest from August 6, 1884, to August 6, 1885, for the consideration aforesaid, and that the plaintiff did then and there a second time extend the time of payment of said note as aforesaid, without the knowledge or consent of defendant (Dennis).

The pleas aver that in consideration of the payment of $52 interest paid by Southworth, Piper agreed to extend the time of payment of the note, but it does not aver that this $52 was not for interest then or past due, and applying the rule of construing the language of a plea most strongly against the pleader, it is not an unreasonable construction of the language used, to say it means interest then due upon the note, and if this is its meaning the plea is fatally defective. The performance by Southworth of a legal obligation then resting upon him could not form the consideration of a new undertaking upon the part of Piper. It is the payment of interest in advance that will constitute a consideration to support and enforce an extension. Waters v. Simpson et al. 2 Gil. 570; Warner v. Campbell, 26 Ill. 280.

Neither is it averred in the pleas that the agreement on the part of Southworth to keep the money for a year longer was any part of the consideration upon which Piper's agreement to extend the time was based, but both extensions are distinctly based upon the consideration of the sum of $52 to him, Piper paid as interest.

We think the court properly sustained the demurrer to these pleas, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*