ALFRED SHRIMPTON & SONS, LIMITED,
v.
CHARLES R. POOLE.

*Sales.*

A verdict of a jury based upon conflicting evidence sustained, and judgment affirmed in an action brought to recover the price of a lot of pins.

[Opinion filed December 7, 1892.]

IN ERROR to the Circuit Court of Jefferson County; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Mr. C. H. PATTON, for plaintiff in error.

Mr. C. S. CONGER, for defendant in error.

MR. JUSTICE GREEN. Appellant brought this suit to recover of appellee the price of some pins shipped to him under the following order alleged to have been executed by him:

Alfred Shrimpton and Sons, Limited, (Pin Department,)
273 Church street, New York:

Please put up for us 2 great gross papers of pins, 360 pins in paper, with our advertisement printed at head of each paper, and between the rows in following sizes, at 4c. per paper. Terms, net 30 days, 1 per cent 10 days. (Here follow sizes and form of advertisement.) Please ship as soon as you can prepare the goods, by the cheapest way.

C. R. POOLE.

The plea of general issue was interposed and also a special plea setting up that the execution of the instrument sued on was obtained by fraud and circumvention. The facts and circumstances leading up to and connected with the execution and delivery of the writing and the manner of the deceit and misrepresentation whereby defendant was induced to and did sign the same, without reading it, are all averred in detail in the plea. To this plea plaintiff filed a general demurrer which was overruled and thereupon issue was joined and the cause was tried. The jury found for the defendant, and plaintiff entered a motion for a new trial, which was overruled, and judgment against plaintiff was entered for costs, to reverse which judgment this appeal was taken. We think the plea presented a substantial defense and the demurrer was properly overruled. Latham v. Smith, 45 Ill. 25. The evidence was conflicting as to the material facts, but this conflict was settled by the jury in favor of the defendant and we are not inclined to disturb the verdict. It is suggested, on behalf of plaintiff in error, that defendant was guilty of such negligence in omitting to read the instrument before signing it as to preclude him

from availing himself of the defense set up in the special plea. What is negligence in signing a contract without reading the same is not a question of law but one of fact, for the jury, to be judged of from the peculiar facts and circumstances of each case. Linington v. Strong, 111 Ill. 152.

The jury were fully instructed as to the duty of defendant in this regard under the law, and facts and circumstances were proven by defendant which furnished sufficient excuse for the omission of such diligence and care before signing in this case as might ordinarily be required under other circumstances. We perceive no cause for reversing the judgment and it is affirmed.

*Judgment affirmed.*