# Kingman & Co., a Corporation, etc., v. H. G. Reinemer and Phillip Knebel, Partners, under the Name of H. G. Reinemer & Co.; H. G. Reinemer and Phillip Knebel.

## George Hotz, Sheriff of Madison County, v. Frederick W. Fritz, Assignee of H. G. Reinemer & Co.

1.  FRAUD—*In Procuring the Execution of Judgment Notes.*—Where the members of a firm, being insolvent, were induced by the agent of one of its creditors to execute judgment notes for the amount of the indebtedness due him, under the impression that they were ordinary promissory notes, and in ignorance of their true character, upon a motion made by the assignee of said firm (it having made an assignment after the execution of said notes) to set aside a judgment entered upon said note, *it was held* that the court hearing the motion was justified in find-

ing that the making of said notes was obtained by fraud of the agent, with the intention of obtaining a judgment and immediate execution, seizing the property of the firm, selling the same, and applying the proceeds to the payment of his principal's debt, to the exclusion of other creditors.

2.  SAME—*Precaution in Signing Promissory Notes.*—The fact as to whether the makers of a promissory note, alleged to have been obtained by fraud, exercised proper precaution and examined the note before signing, is a question of fact for the court when trying the issue without a jury.

3.  DEMAND—*When Not Necessary in Replevin.*—When the defendant in replevin pleads the general issue, property in himself and in third parties whose bailiff he is, avows the taking and demands a return, it is not necessary for the plaintiff to prove a demand for the goods previous to the issuing of the writ of replevin.

4.  JUDGMENTS BY CONFESSION—*Motion to Vacate—When to be Filed.*— A motion to vacate a judgment filed at the next ensuing term of court after the confession of the judgment in vacation is in apt time.

5.  SAME—*Upon Void Notes.*—A judgment note obtained by the fraud of an agent of the payee, is void, and no recovery can be had upon it as against the makers by the payee. A judgment entered upon it is illegal.

6.  EXECUTION—*Upon Fraudulent Judgment.*—An execution issued upon a judgment obtained by fraud, is also tainted with the original fraud, and can not be used by the plaintiffs in the judgment as a means to effectuate the fraudulent purpose. Nor will it justify the sheriff in taking the goods of the defendant under it.

**Replevin and Motion to Vacate Judgment,** entered upon a judgment note. In the Circuit Court of Madison County; the Hon. GEORGE W. WALL, Judge, presiding. Declaration in replevin. Pleas (1) *non cepit;* (2) *non detinet;* (3) property in a third party; (4) property taken by virtue of an execution, etc.; (5) property in the defendant. Trial by the court without a jury; finding and judgment for plaintiff; appeal by defendants. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

### STATEMENT OF THE CASE.

In June, 1893, Reinemer & Co., hardware merchants at Grantfork, Illinois, found they were indebted to such an extent that they could not continue business without assistance, and arranged with a number of their friends, men of means, to form a corporation, take the firm's stock of goods at a stipulated price, pay all debts of said firm then due, and the other debts as they matured, and among others a debt of about $4,950, owing to Kingman & Co., of which only

about $1,400 was then due, a small part of the balance becoming due July 1st, and the residue on September 1, 1893. All arrangements for the organization of the corporation had been made.   Money had been provided for to pay the matured indebtedness, and on June 22, 1893, a committee of the stockholders, appointed for that purpose, were engaged with members of the firm in invoicing the goods.   While thus engaged, Roberts, an agent of Kingman & Co., came in the store, and after some talk with Reinemer and his partner, Knebel, induced them to execute two notes of that date, one for $1,424.34, due July 1, 1893, the other for $3,536.27, due September 1, 1893, each bearing seven per cent interest. These notes turned out to be judgment notes, and on the next day Roberts caused a judgment by confession to be entered before the clerk in vacation, on said notes, in favor of Kingman & Co., for $5,450.06 and costs, and on the same day, June 23d, ordered execution to be issued thereunder to the sheriff, who on the evening of that day levied it on the entire stock of Reinemer & Co., and all further proceedings by said corporation were stopped.

On June 26 and 27, 1893, deeds of assignment to F. W. Fritz were executed by said firm of Reinemer & Co., the individual members thereof conveying all the firm and individual property and assets not exempt, for the benefit of their creditors under the statute, and all the necessary steps were taken as required by the statute to invest the assignee with the title, right of possession and control of the property and assets so conveyed.

At the October term, 1893, it being the first term of the Circuit Court of said county held after the said confession of judgment, a motion in writing was made by Reinemer & Co., F. W. Fritz, assignee, and creditors of said firm, to vacate said judgment.   This motion set forth several reasons why said judgment should be vacated and set aside, and was supported by affidavits.   The principal and most conclusive reason so set forth is, that the making of said firm notes, for which the judgment was confessed, was obtained by the fraud of Roberts, the agent of Kingman & Co.   At

said term the motion was continued to the March term, 1894.

On June 27, 1893, the assignee filed his affidavit, and caused a writ of replevin to be issued to the coroner against said sheriff, for the stock of goods levied upon under the execution mentioned, and the assignee having furnished and delivered to the coroner the necessary replevin bond, the writ of replevin was executed by taking and delivering to the assignee the said stock of goods, and summoning the sheriff to appear at the October term, 1893, of the Madison Circuit Court, at which term the cause was continued to the March term, 1894, of said court. At the March term the motion to vacate and the suit in replevin were consolidated and tried by the court by agreement without a jury. Evidence was introduced and heard by the court on behalf of the several parties, and the court was requested on behalf of Kingman & Co., to hold propositions No. 1 to No. 8, inclusive, to be the law.

The several propositions and the ruling on each are as follows:

First. The court is asked to declare the law to be: That if Reinemer & Co., and Reinemer and Knebel, as individuals, knew that they were signing a judgment note at the time they signed the notes in controversy, then the judgment of the court should be a dismissal of the motion to vacate the judgment herein, and the judgment should be entered for the defendants in the replevin suit. (Held.)

Second. The court is asked to declare the law to be: That it was the duty of Reinemer & Co., and Reinemer and Knebel, as individuals, to read the notes before they signed them, and if they did not do so they will still, as a matter of law, be presumed to know what was contained in the notes at the time they signed them, in the absence of proof to the contrary. (Held.)

Third. The court is asked to declare the law to be: That if Reinemer & Co., or as individuals, signed the notes in question, unless fraud be shown by a preponderance of evidence, the judgment of the court should be for the dis-

missal of the motion to vacate the judgment and judgment for the defendant in the original replevin suit.  (Held.)

Fourth.  The court is asked to declare the law to be: That no one in the motion herein to vacate the judgment can have any standing except Fritz, the assignee of Reinemer & Co.  And if Reinemer & Co., or Reinemer and Knebel as individuals, could not take advantage of this motion, then no others can.  (Held.)

Fifth.  That although it may appear from the evidence that at the time of the execution of the notes, Roberts, the representative of Kingman & Co., said to Reinemer and Knebel that they could have further time, yet unless it appears that said Roberts had authority to bind Kingman & Co. by such promise, the judgment of the court should be that the motion to vacate judgment should be dismissed and judgment for defendant in replevin suit.  (Refused.)

The conclusion does not necessarily follow.

Sixth.  The court is asked to declare the law to be: That Reinemer and Knebel are presumed as a matter of law to have read the notes herein before they signed them, in the absence of proof to the contrary.  (Held.)

Seventh.  The court is asked to declare the law to be: That before the judgment herein can be set aside for fraud, fraud must be conclusively shown from the evidence.  (Refused.)

It is enough if the fraud alleged be established by the preponderance of proof.

Eighth.  That before the judgment can be set aside for fraudulent representations made by Roberts to Reinemer and Knebel it must further appear from the evidence that such fraudulent misrepresentations induced the execution of the notes, and but for such fraudulent representations said Reinemer and Knebel would not have signed them.  (Held.)

The court sustained the motion, set aside and vacated the judgment by confession, found the issues in the replevin suit for the plaintiff, ordered that he retain possession of the property replevied, and entered judgment against defendant for costs.  An appeal in each case was taken, and by

agreement one appeal bond applying to the two appeals was filed. The cases are consolidated, and to be heard and decided in this court together.

DALE, BRADSHAW & TERRY, attorneys for appellant.

C. L. COOK and TRAVOUS & WARNOCK, attorneys for appellees.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The means by which the makers of the judgment notes were induced to execute them, is the vital, controlling question involved, touching which there is a conflict of evidence. We are of the opinion the court was warranted in finding, by a preponderance of the evidence, that Roberts was an agent of Kingman & Co., and was apprised on the 21st of June, 1893, by Knebel, of the organizing of the corporation as mentioned in the preceding statement. That on the evening of that day he informed Kingman & Co. of that fact, and was instructed to go back to Grantfork and get money, security or judgment notes from Reinemer & Co. for the amount of their indebtedness, and in accordance with this instruction did go back on June 22d to the store of Reinemer & Co., and found there the committee appointed by said corporation, and both members of said firm busily engaged in invoicing the goods. That a part only of the firm debt to Kingman & Co., about $4,950, was then due; a small part of the balance was due July 1, 1893, and the residue September 1, 1893.

That Roberts importuned Reinemer to settle this indebtedness by notes, maturing July 1st and September 1st, for the reason his firm wished to close up this account before the corporation took hold, and would not push the collection of the notes but would give two or three weeks extension if not paid at maturity. That Reinemer finally consented, and said he would get some blank notes of the kind the firm had usually given Kingman & Co., fix the matter

up and give security; but Roberts replied that would not be necessary, as he had some of the same kind of blank notes, and did not want any security; and Roberts then went into the private office, fixed up a settlement sheet with the bookkeeper, filled up the judgment notes, and Reinemer and Knebel were called in and signed the same without examination, relying upon the honesty of Roberts and the truthfulness of his representations as to the character and contents of the notes, each believing them to be ordinary promissory notes, such as they had been in the habit of giving Kingman & Co., due July 1st and September 1st, respectively, and not knowing they were judgment notes, and not intending to execute notes of that character. The evidence justified the conclusion that the making of said notes was obtained by the fraud of Roberts, with the purpose of obtaining a judgment and immediate execution, seizing the entire stock, selling the same thereunder, and applying the proceeds to the payment of the debt of Kingman & Co., to the exclusion of other creditors.

It is said, however, on behalf of appellants, that Reinemer and Knebel did not exercise proper precaution and examine the notes before signing, and hence, can not be heard to dispute their validity. This was a question of fact for the court acting in place of a jury. Taylor v. Atchison, 54 Ill. 196; Leach v. Nichols, 55 Ill. 273; Munson v. Nichols, 62 Ill. 111.

The evidence shows that intimate business relations had existed for years between said firm of Reinemer & Co. and Kingman & Co. That they had never been asked by the latter firm to give a judgment note, and both parties were busy and in a hurry, and Roberts claimed he was anxious to get away at the time the notes were executed, and there was nothing in his manner, or statements to them, that would awaken distrust, but everything justified them in relying upon his honesty, and the integrity of the firm who sent him, to protect them from imposition or fraud in a business transaction, and the court could properly find the makers of the notes were not guilty of negligence in view

of all the surrounding circumstances.    It is also claimed that no demand was made of the sheriff by Fritz for the goods before commencing the replevin suit.    Under the pleadings and evidence no demand was necessary.    Butters v. Haughwout, 42 Ill. 18; Hardy v. Keeler, 56 Ill. 152; Farwell v. Hanchett, 120 Ill. 573.

There was no error in refusing to declare the law to be as requested in the refused propositions, and in modifying those which were modified, and those which the court held to be the law were quite as favorable to appellants as they had the right to demand.    The motion to vacate the judgment was filed at the next ensuing term of court after judgment was confessed, and was filed in apt time.    The conclusion reached by us is that the execution of the judgment notes having been obtained by the fraud of the agent of the payee, they were void, and no recovery could be had therefor, as against the makers, by the payee.    Hence, the judgment entered in vacation was illegal and was properly vacated and set aside on the motion of appellees.    The execution, issued to satisfy a judgment obtained by fraud, is also tainted with the original fraud and can not be availed of by Kingman & Co. and used as a means to effectuate the fraudulent purpose.    Hence, said writ did not justify the taking of the stock of goods by the sheriff, and the issues in the replevin suit were properly found in favor of the plaintiff, and the order and judgment of the court on the finding was right.    By this finding and judgment, and the order vacating and setting aside the judgment confessed, justice to all the parties is secured.    The debt of Kingman & Co. is filed as a claim against the insolvent estate, the net proceeds of which will be used for the payment of that claim and the other indebtedness of the insolvent firm, without preference or undue advantage being given to any creditor.

The order and judgment on the said motion and judgment in the replevin suit are affirmed.