# Oscar Arnold, William Schuster and Herbert Powell v. Oratio T. Phillips.

1. DISTRESS FOR RENT—*Issue of a Warrant Necessary.*—A landlord can not legally seize the property of his tenant for rent, without first issuing a distress warrant as required by section 16, chapter 80, R. S., entitled, "Landlord and Tenant." It was otherwise at common law.

2. ATTORNEYS—*When Liable in Trespass.*—An attorney is not liable in an action of trespass for seizing goods, if he acts in good faith, merely in the capacity of an attorney, but if he assists in any other capacity, as in making a levy, he is equally liable with the others participating in an unlawful seizure.

3. INSTRUCTIONS—*Rules of Court—Exception.*—The fact that after the instruction had been read, a juror asked a question as to the law and the court gave an instruction upon it, may be regarded as an exception to the rule providing that instructions will not be examined by the court unless presented before the commencement of the final argument, and not a violation of it.

4. APPELLATE COURT PRACTICE—*Objections.*—An objection to the admission of evidence can not be raised for the first time in the Appellate Court.

5. DELIVERY—*What is Sufficient—Of Personal Property.*—The court states the facts and holds that the jury were justified in finding the delivery sufficient.

Trespass, for taking goods. Appeal from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

HERBERT POWELL and R. S. McILDUFF, attorneys for appellants.

W. T. AMENT, C. C. STRAWN and A. C. NORTON, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is an action of trespass brought by appellee against appellants to recover damages for the seizure and withholding by them of a stock of goods and fixtures constituting

a jewelry store in Chenoa, Illinois, claimed by him; appellants pleaded the general issue and justified the seizure under a distress warrant against Lucy A. McComas and executions subsequently issued against her. There was a recovery for $600.

Plaintiff was the father of Lucy A. McComas and had a chattel mortgage on the property for $950. He bought the property from her for $1,250, and surrendered his mortgage and the notes secured thereby and paid her $300 in cash. The distress warrant was levied subsequently and the executions still later. The question upon which the rights of the parties depended was whether there was such a delivery of possession to the plaintiff as would be effectual against creditors. The evidence on that subject was as follows:

The jewelry store occupied the northwest corner of the store room of the defendants, Schuster & Arnold, and the sale took place there about eight o'clock of the evening of February 24, 1893. Plaintiff and Mrs. McComas went to the store room in company with an attorney, and after some negotiation as to the price the sale was made. There were several persons about the store, at the other end of the store-room, among whom was the defendant Schuster, and he was called up as a witness to the sale. Plaintiff asked Mrs. Mc-Comas for the keys of the safe, and she said that it had none and was fastened with a combination lock. He then asked for the keys to the show case and door. Her husband had a key to the outside door and had been away from home, traveling with some sort of an Indian medicine show for several weeks. She told plaintiff that her husband had the door key, but she gave him two keys, one to the work bench and the other to a show case. The defendant Schuster and the other persons in the store did not see these keys handed over, but the jury were justified in finding that they were delivered. Plaintiff and his attorney and Mrs. McComas then left the store and went to the attorney's office where the money was paid and a bill of sale executed. Plaintiff came back to the store very early next morning, and found the defendants there. They had set one show case between

the other case and the shelving and nailed a board across, and put a chain around the safe with a padlock on it, and stuck up a notice that the goods had been seized by Schuster & Arnold for rent. The defendants Schuster & Arnold had the key to the outside door, and Mrs. McComas being indebted to them for rent of her corner of the store room, they had telegraphed to the defendant Powell, their attorney, at Fairbury, and he had come up in the night and they had gone into the store and made these changes. Plaintiff made a demand for the property which was refused. No distress warrant had been made or issued, and none was issued until that afternoon. The defendant Powell went back to Fairbury and made one out, which he sent to Schuster & Arnold that afternoon, and it was signed, and filed with a justice. It seems that plaintiff had taken such possession on the evening of the 24th, as the circumstances allowed. Mrs. McComas had no right to exclusive possession of the store room, and could not transfer it to him. She had no key to the outside door, and Schuster & Arnold had the only one that was accessible. Plaintiff was very prompt in returning at a very early hour in the morning to look after his property. He then demanded it, and unless the defendants Schuster & Arnold had secured a lien upon it as creditors they had no right to retain possession. It is contended that they had acquired such a lien by their proceedings above stated, which were taken without any distress warrant before plaintiff's demand. The court by the first and second instructions stated the contrary to the jury as the law, and that their claim for rent did not give them a lien or right to seize the property except by a levy under a distress warrant. The claim that they might seize the property without a warrant is based on the fact that such was the practice at common law where the landlord made the seizure, and it is insisted that our statute has not changed the rule in that respect. We think that the court was right. The statute provides that the landlord, by himself, his agent or attorney, may seize the property; that the person making the distress shall immediately file with a justice or

clerk of court a copy of the distress warrant together with an inventory of the property levied upon; that summons shall issue against the party against whom the distress warrant shall have been issued; that the distress warrant shall stand as a declaration, and that no amendment shall affect any liabilities that shall have accrued in the execution of the warrant.    From these provisions it seems that the statute regulating the right to distrain and making a levy the initiatory step to a suit, requires such levy to be made by virtue of a warrant.    In this case the landlords issued their warrant in the afternoon of the 25th, after plaintiff's demand, and made return of the execution by themselves, but we think that they had no lien when the demand was made.

The executions, as already stated, were levied still later.

It is urged that the record does not sustain the verdict against the defendant Powell, because he only acted as attorney for Schuster & Arnold.    He would not have been liable if he had acted in good faith merely in the capacity of attorney, but having assisted in another capacity in making the levy, he was equally liable with them for an unlawful seizure.    Hardy v. Keeler, 56 Ill. 152.    He was the manager in making the levy and an active participant in the proceedings.

After other instructions had been read a juror asked the court a question as to the law concerning delivery on a transfer of a stock of goods, and the court gave an instruction to meet the question.    It is objected that this was done in violation of a rule of court.    The rule provided that instructions would not be examined by the court unless presented before the commencement of the final argument, except where the rule would work injustice.    The question of the juror presented such an exception, and the rule was not violated.

Objections are made to the other instructions, but we think the greatest objection that could be made would be that there were too many of them.    The points made do not require extended discussion.    We think that there was no serious error in the instructions.

It is objected that there was included in the recovery the value of a case of spectacles not seized which remained in the store. The inventory on the distress warrant included the whole stock, and there was no objection to the evidence about the spectacles. It is too late to raise the question. The judgment will be affirmed.