(No. 11702.—Reversed and remanded.)

JOSEPH T. DELFOSSE, Defendant in Error, vs. ANNA N. KENDALL, Plaintiff in Error.

*Opinion filed April 17, 1918.*

1. PRACTICE—*when trial court should allow the defendant to amend affidavit of merits.* In a suit on a promissory note, where the defendant's original affidavit of merits is made by her attorney, who through inadvertence, oversight or mistake fails to set up the true defense, which cannot be made under the pleadings on file, the court, in the exercise of its discretion, should allow such amendment to the affidavit of merits as will enable the defendant to present her defense to the action.

2. AMENDMENTS—*court's discretion in allowing amendments is subject to review.* The discretion vested in courts to allow amendments under section 1 of the statute on amendments is a judicial discretion which is subject to review, and one which should be exercised liberally in favor of the allowance of·such amendments whenever essential to the proper presentation of a party's cause of action or defense.

3. BILLS AND NOTES—*when fraud is a defense against assignee of note.* Under section 10 of the Negotiable Instruments act fraud in obtaining the making or executing of a promissory note may be availed of against any assignee of the note as well as against the party who perpetrated the fraud.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

SAMUEL B.·HILL, for plaintiff in error.

GEORGE L. SCHEIN, (LEO H. HOFFMAN, of counsel,) for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Defendant in error, Joseph T. Delfosse, brought his action of the first class in the municipal court of Chicago against plaintiff in error, Anna N. Kendall, to recover the

amount due, principal and interest, on a promissory note dated July 10, 1914, for the principal sum of $1575, due four months after date, with interest at the rate of six per cent per annum until paid. The note is made payable to the order of the maker, signed by plaintiff in error and by her indorsed in blank. The note also bears the indorsement of the Robinson Spring Company, by H. H. Thomas, president; Thomas & Co., by H. H. Thomas, president; H. H. Thomas, and Joseph T. Delfosse. Plaintiff in error filed her affidavit of merits, in which she states the note sued on was made without any good or valuable consideration and was delivered to the Robinson Spring Company and to Thomas without consideration, and was received from said company, or its agent, Thomas, by the defendant in error without any good or valuable consideration; that he took said note merely to collect for Thomas and to avoid the defense of fraud as against said note in the hands of Thomas; that defendant in error did not part with anything of value for said note, nor did he do anything or cause any act or thing to be done which constitutes a good or valuable consideration for said note. Thereafter the plaintiff in error filed her further affidavit of merits, in which she denies the execution or indorsement of the note, or that she assigned, indorsed or delivered the note to the Robinson Spring Company, or that it authorized Thomas to assign, indorse or deliver said note to Thomas & Co., or that Thomas & Co. had authority to assign, indorse or deliver said note to H. H. Thomas, or that he lawfully assigned, indorsed or delivered said note to defendant in error for a valuable consideration. On the trial plaintiff in error asked leave to file an amended affidavit of merits, which was denied. At the conclusion of the trial the court instructed the jury to find the issues joined in favor of the defendant in error for the sum of $1737.49, and the jury returned their verdict in accordance with such direction of the court. A motion for a new trial was made and overruled and judgment

entered on the verdict. On appeal to the Appellate Court the judgment of the lower court was affirmed. A petition for a writ of *certiorari* was allowed, and the cause is in this court pursuant to the mandate of such writ.

Plaintiff in error is a resident of LaMoille, Illinois. The original affidavit of merits was made by her attorney. The amended affidavit and the additional affidavit which the court denied her leave to file were sworn to by her. She testified on the trial that in March, 1913, she had some dealings with H. H. Thomas, wherein she gave him four notes,—two for $1000 each and two for $1500,—each payable to the order of the maker and by her indorsed in blank; that on July 10, 1914, Thomas held some of her notes for $1000 and $500 and that there was a $500 note falling due at that time. She further testified that there was no note for $1575, and that while the signature to the note sued on looked like her signature, she did not sign any note for that amount on that date. She further testified that Thomas handed her the note, (indicating that he held his hand in such a way as to conceal all of the note except the place to sign;) that she was writing a check at the time and that the check and note were both lying on his desk; that Thomas handed the note to her and said, "Sign here," and she signed it; that she afterwards signed the check and he pulled the note away and blotted it and turned it over and said, "Sign on the back," which she did, and he then took the note away and she did not see it again, and she never saw a note for $1575 until this suit came up. She further offered to prove that Thomas kept the note she signed, face downward on his desk, and talked to her about the Robinson Spring Company to distract her attention and in that manner prevented her from seeing the note; that the $500 note falling due on that date was never presented to her and that she never saw or heard of its renewal; that at the time she wrote her name on the note sued on she believed she was signing a note for $500, and that she was

led to this belief by the false representations of Thomas that he was holding a note for $500 on his desk for her to sign; that before she signed the note in question Thomas showed her a blank note for $500, payable to the order of herself, and had laid it on his desk, and that when she signed the note she intended to sign the $500 note shown her, which she had read; that he took advantage of her attention being on the check and substituted the note sued on for the $500 note which she believed she was signing. The court sustained an objection to such proof so offered, for the reason these matters were not put in issue by the pleadings. Thereupon plaintiff in error asked leave to file an amended affidavit of merits setting up substantially the above facts. The court refused to permit such additional affidavit to be filed or proof of the facts alleged in it to be introduced in evidence. The action of the court in this respect is assigned as error.

On the trial no attempt was made to prove any of the matters set out in the original affidavits of merits or to deny that the signature attached to the $1575 note was, in fact, the signature of plaintiff in error. On the contrary, she denied she signed any note for $1575 and undertook to show that her signature to the note sued on was obtained from her in the manner indicated by the above testimony and offer of proof. It is clear from what occurred on the trial that this was the defense sought to be interposed by the additional affidavit of merits and was the only defense relied upon by plaintiff in error to the note. It is also in evidence that her counsel were taken by surprise at the ruling of the court in refusing to admit such evidence, and that the failure to embody such defense in the second affidavit of merits was through an oversight or mistake on their part as to the sufficiency of the affidavit denying the execution of the note to admit such defense. Section 10 of the Negotiable Instrument act (Hurd's Stat. 1916, p. 1779,)

provides that if any fraud or circumvention be used in obtaining the making or executing of any promissory note, such defense may be availed of against any assignee of the note as well as against the party committing such fraud. In *Munson* v. *Nichols,* 62 Ill. 111, we held that where the maker was induced by the artifice of the payee to execute a note payable absolutely, under the belief that he was executing one of a different character and payable only on a contingency, such defense might be interposed to such note in the hands of an assignee. Such, in effect, was the defense sought to be interposed in this case, and the action of the court in refusing to permit the additional affidavit to be filed and to admit the evidence offered by plaintiff in error deprived her of the only defense which she had or sought to interpose to the note sued on. Under the circumstances we think the trial court should have permitted the amended affidavit of merits to be filed.

Section 1 of the statute on amendments (Hurd's Stat. 1916, p. 54,) provides that the courts "shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein." While a discretion is vested in the courts, under this section, to allow such amendments, it is a judicial discretion, which is subject to review, and one which should be exercised liberally in favor of the allowance of such amendments whenever essential to the proper presentation of a party's cause of action or defense. (*Shufeldt* v. *Fidelity Savings Bank,* 93 Ill. 597; *Himrod Coal Co.* v. *Clark,* 197 id. 514; *Scovill Manf. Co.* v. *Cassidy,* 275 id. 462; *Misch* v. *McAlpine,* 78 id. 507.) To hold otherwise would be practically to defeat the object of this statute. In *Misch* v. *McAlpine, supra,* we held that leave should be given to a defendant who has pleaded the general issue to file additional pleas where it appears that

283 — 20

an additional plea is indispensable to enable defendant to make a legal defense and he has been guilty of no culpable negligence in asking for such leave. As pointed out in that case, the statute is very comprehensive, and permits amendments, in form or substance, in any process, pleading or proceeding at any time before final judgment. In that case the suit was brought on a promissory note and a plea of general issue with an affidavit of merits was filed. Subsequently the defendant entered his motion for leave to file a special plea setting up want of consideration and fraud in obtaining the note and that the plaintiff had notice of such fraud and want of consideration. The court refused to permit such additional plea to be filed except upon the condition that the defendant would not ask for a continuance of the cause. A motion for a continuance was subsequently overruled and the defendant was compelled to go to trial without filing the special plea. It was held it was error not to grant the continuance and to permit the additional plea to be filed. It was there further pointed out that there was nothing in the record which indicated that any extraordinary delay would ensue had the cause been continued, and it was further said on page 509 of the opinion: "But no matter what delay might ensue, defendant was entitled to leave to file additional pleas to enable him to make a 'legal defense' and to a continuance of the cause on account of the absent witness. If the defense proposed to be made was true, plaintiffs were not entitled then or any other time to a judgment against defendant, and it would be manifestly unjust that they should have it," and for the errors indicated the judgment of the trial court was reversed. In the instant case it is clear that the only defense which plaintiff in error had to the note was the one sought to be interposed by the additional affidavit of merits. While the first affidavits filed were sworn to and do not raise this question, there is nothing inconsistent in the defense sought to be in-

terposed by the additional affidavit and that interposed by the former ones. It merely sets up additional grounds of defense not mentioned in the other affidavits of defense. While the most satisfactory reasons are not shown for not seeking to file the additional affidavit at an earlier date, we think it sufficiently appears that the defense made by the additional affidavit was the one intended to be interposed, and where, as here, it appears the original affidavit of merits was made by the attorney, and it subsequently appears to the court that through inadvertence, oversight or mistake on the part of the attorney the true defense sought to be interposed has not been made by the pleadings and cannot be made under the pleadings on file, the court, in the exercise of the discretion vested in it by the statute, should allow such amendment to be made as will enable the defendant to present the merits of his defense to the action on such terms as will be just and reasonable for the protection of the rights of all parties concerned.

Other questions have been raised and argued as to the competency and materiality of certain evidence offered and which was excluded by the court. As we understand the record, this evidence was not admitted for the reason that the trial court held that the same was incompetent and immaterial under the issues formed by the pleadings. As those questions are not likely to arise again on the issues presented by the additional affidavit it will be unnecessary to further consider them at this time.

For the reasons given the judgments of the Appellate Court and of the municipal court of Chicago must be reversed and the cause remanded to the latter court for further proceedings in accordance with the views herein expressed.                              *Reversed and remanded.*