THE COUNTY OF WINNEBAGO, Plaintiff-Appellee, *v.* DAVID L. HILLHOUSE, Defendant-Appellant.

Second District    No. 76-359

Opinion filed December 7, 1977.

James C. Spelman, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James M. Hess, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, David Hillhouse, owned several small parcels of land, each measuring 25' x 121'. In 1963 he placed a mobile home on two adjacent parcels. This original unit became a nonconforming use under a county zoning ordinance amended in 1972. The ordinance allowed the repair and maintenance of the home. In 1974, defendant replaced this unit with a new mobile home. One month after the replacement, the plaintiff, County of Winnebago, filed a complaint to enjoin plaintiff's use of the land as a location for this new mobile home.

Prior to trial, the ordinance was amended to allow replacement of nonconforming structures by special use permit. Defendant applied for such a permit and it was denied. Immediately prior to trial defendant filed a counterclaim for a declaratory judgment alleging that the denial of the special use permit was unconstitutional as applied to the land in question.

The trial proceeded on the original pleadings, with consideration of the counterclaim being deferred. The injunction issued, but was subsequently stayed pending a ruling on the counterclaim. At a hearing on plaintiff's motion to dismiss the counterclaim, the court said it would not require a specific reference to a particular provision of the constitution in charging a denial of due process. Nonetheless, the court's order granting plaintiff's motion to dismiss the counterclaim does rely on his failure to specifically allege the basis of the denial of due process. The counterclaim was dismissed without leave to amend and with prejudice.

■■ Defendant appeals from the order dismissing the counterclaim. He alleges that the trial court abused its discretion by failing to allow him to amend his pleadings. We note first that a motion to dismiss admits all facts well pleaded. (*Country Mutual Insurance Co. v. Drendel* (1969), 116 Ill. App. 2d 466, 252 N.E.2d 757.) Defendant's counterclaim alleges that the dimensions of the property in question restricted its use to the placement of "modular unit homes," such as defendant had placed. Obviously, to admit this is to say that denial of the requested special use permit prevents defendant from using his land. Because this would be an unconstitutional result, the trial court should have heard testimony on the

counterclaim and determined the use to which the land could be put. The motion to dismiss should therefore have been denied.

■■ We note also that at the hearing on the motion to dismiss, the trial court indicated that it would not require defendant to make specific reference to constitutional provisions which resulted in a denial of due process. The fact that the court later relied solely on the failure to make such specific references in its order granting plaintiff's motion to dismiss indicates to us that the trial court committed an abuse of discretion when it would not allow defendant to amend his pleadings. It has long been the rule in Illinois that a court's discretion in allowing amendments to pleadings should be exercised liberally whenever this is essential to the proper presentation of a party's cause of action. (*Delfosse v. Kendall* (1918), 283 Ill. 301, 119 N.E. 346.) To deny an amendment to a pleading which, if allowed, would have resulted in not dismissing the case is manifestly an abuse of discretion.

We accordingly reverse the order of the circuit court which granted plaintiff's motion to strike and dismiss, and remand the cause to the circuit court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GUILD and SEIDENFELD, JJ., concur.