# Francis Mattingly

*v.*

# Cornelius Crowley.

1. Evidence — *primary* — *secondary, when admissible.* It is a rule of evidence, that the best evidence of which the case admits must be produced, but, if not within the power of the party, then secondary evidence may be heard. The law requires, that all proceedings, in posting estray cattle, before a justice of the peace, shall be in writing; and it is error to permit the fact that animals were posted to be proved by parol, without laying a foundation, by showing that the original papers and justice's docket were lost or destroyed. But, where such evidence is not pertinent to any issue in the case, and could not mislead, a judgment will not be reversed for such an error.

2. Judgment — *in replevin.* Where a judgment in replevin is for the return of all the property described in the writ, and it appears, from the officer's return, that a portion described in the writ was not taken and delivered to the plaintiff, held, the judgment was too large, and must be reversed for error. It could not have properly been for more property than was replevied.

Writ of Error to the Circuit Court of the county of Jasper; the Hon. Aaron Shaw, Judge, presiding.

The facts of the case appear in the opinion of the court.

Mr. W. B. Cooper, for the plaintiff in error.

Mr. W. Stoker, for the defendant in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an action of replevin brought by Francis Mattingly, in the Jasper Circuit Court, against Cornelius Crowley, for the recovery of a cow and calf, one yearling calf, and one steer. We find no pleas in the record, but there is a recital, that defendant entered pleas to the writ, of property in himself, and property in Joseph Sitzelman, and the general issue. A jury was waived, and a trial was had by the court, by consent of the

parties. The court found the issue of property in defendant in his favor, and the other issues for the plaintiff, whereupon plaintiff entered his motion for a new trial, and in arrest of judgment, which was overruled by the court, and judgment was rendered, that the plaintiff make return of the property, and for costs. The plaintiff thereupon prayed an appeal, and brings the case to this court to reverse the judgment.

Sitzelman swears, that he once owned the property in dispute, and sold it in 1859, to plaintiff in error; that, in 1861, he saw the cow at defendant's in error; that he informed plaintiff in error of the fact; that, while they were there, he purchased them from plaintiff in error; that defendant in error offered to let witness have the property when he should pay him the cost and charges for keeping it. Witness found the amount claimed to be eleven dollars; but he says, he found the property had not been posted according to law, the time having expired three days before it was done; that the steer died between the time the witness received the property from defendant in error, and the dismissal of his suit.

Sitzelman further testified, that he knew the property; that it was left in his possession after it was replevied each time; that the property was returned to defendant in error after the first replevin suit brought by witness, except the steer which had died in the interim; that plaintiff in error demanded the property before he brought suit. Witness stated that the property was appraised and advertised in the fall of 1860, and that he saw the advertisements. Plaintiff in error objected to this testimony, but the objection was overruled and exceptions taken.

Jordan testified, that, in a conversation with plaintiff in error, before the commencement of the suit, he said that he had sold the property to Sitzelman, who was to pay all costs; and that plaintiff in error so testified on that trial. Gill testified, that he assisted defendant in error to take and put up the calf, in May, 1860, under the supposition that it belonged to his mother-in-law; that he requested defendant in error to keep it until he could ascertain if it was. Afterward, he found it was not, and so informed defendant in error.

Plaintiff in error assigns for error the admission of improper evidence, and the order for the return of the property, together with various other matters. It is a rule of uniform application, that the best evidence must be produced when it is accessible, — that secondary evidence cannot be admitted until it appears that the primary evidence cannot be had. All understand, that written or documentary evidence is the best, and, unless destroyed or lost, evidence of its contents is not admissible. In this case, the law requires all of the proceedings in posting stock to be in writing, and the justice of the peace to enter a memorandum of the same on his docket. No reason is assigned for not introducing the justice's docket and files in evidence. They were the best evidence of the posting, and the parol evidence of the fact was not admissible, until a proper foundation was laid. But, notwithstanding this evidence was improperly received, still we are unable to see that it was pertinent to any issue in the case, or tended in any wise to affect the finding of the court, as the judge trying the case, no doubt, disregarded it. Although an error, it is not such as at all injured plaintiff in error, and he cannot, therefore, complain.

Upon examining the record, it appears that the sheriff returned that he could not find the steer in his county, and it was consequently not delivered to plaintiff in error on the execution of the writ. The judgment is that plaintiff in error make return of the property described in the writ, and the steer was described as a part of it. The steer never having been delivered to him, he was not liable for its return. He could be required to return no more property than such as came to his possession by the writ of replevin, and its increase. Not having replevied the steer, it was error to require him to make return of it. And this property being described in the writ, it was embraced in the judgment, as the order was for the return of the property described in the writ. This was error for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*