THOMAS C. REEVES

*v.*

CARRIE M. WEBSTER.

71  307
22a 450
23a 194
71  307
180  452
71  307
212  609
e114a¹485

1. MARRIED WOMEN—*separate property—what proof necessary to protect it, under act of* 1861, *against husband's creditors.* At common law, the husband is presumed to own all the property in the possession of the wife while they are living together, and the act of 1861 was not designed to overcome this presumption. If the wife claims the benefit of the act, she must bring herself within its provisions by proof. She holds the affirmative of the issue, and must prove it.

2. It is not sufficient for the wife to prove that she purchased the property from a person other than her husband, during coverture, to enable her to hold it as against her husband's creditors, under the act of 1861, but she must also show, by evidence, that she obtained the consideration which she paid for it from a source other than her husband, in good faith.

Appeal from the Circuit Court of Tazewell county; the Hon. John Burns, Judge, presiding.

Mr. W. S. Coy, for the appellant.

Mr. M. D. Beecher, and Messrs. Roberts & Green, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of replevin, brought by Carrie M. Webster against Thos. C. Reeves, in the circuit court of Tazewell county.

The parties, by agreement, waived a jury, and a trial was had before the court. Upon hearing the evidence, the court rendered judgment for the plaintiff for the property in question. The defendant brings the case here, and insists that the judgment of the court is not sustained by the proof.

It appears, from the evidence contained in the record, that the plaintiff is a married woman, residing with her husband; that on the 15th day of November, 1871, she purchased of one John Brownlee a certain lot in Delavan, and obtained a deed therefor. The deed contained a clause, as follows: "And the parties of the first part, in consideration of the aforesaid sum of money, further sells, and assigns and transfers to the said party of the second part, all the merchandise in the building standing on said premises, including two billiard tables, with all the fixtures thereto."

The defendant, who was sheriff of Tazewell county, then read in evidence an execution against Oliver D. Webster, the husband of plaintiff, which showed a levy upon the billiard tables. He also proved, that soon after the plaintiff made

the purchase, her husband went into possession of the property, and kept a billiard saloon for some two months.

Under the issues in this case, the plaintiff was required to show that she owned the property in question. At common law the husband is presumed to own all the personal property in the possession of the wife, while they are living together.

The act of 1861 was not designed to overcome the presumption of the common law in that respect. The plaintiff, in order to claim the benefit of the act of 1861, was bound to bring her case, by the evidence, within its provisions.

She acquired this property during coverture, and will be protected under the act if she acquired it, in good faith, from any person other than her husband. This was an affirmative fact for her to establish.

She proved that she purchased the property of Brownlee, but where or of whom she obtained the consideration paid Brownlee for the property, the evidence entirely fails to show. In this, the plaintiff's proof was defective. The law required her to show, that the money or property that went to pay for the property in question was her own separate property, acquired in good faith from some person other than her husband.

This case is governed by that of *Farrell* v. *Patterson,* 43 Ill. 52, in which it is said: "It is but the repetition of an old and quite familiar principle, that he who asserts an affirmative right must establish it by proof. The *onus* is upon him. So with a married woman: if she asserts that she bought property and paid for it with her own money, received in good faith through a source other than her husband, she must prove it."

The judgment will be reversed and the cause remanded.

*Judgment reversed.*