## LOUIS KAHN *et al.*

*v.*

## EMMA B. WOOD

1. MARRIED WOMEN—*burden of proof in suit in reference to separate property*. In a suit by a married woman against a creditor of her husband, for seizing her separate property under a writ of attachment against her husband, the burden is on her to make satisfactory proof that the property seized was her separate property, owned by her under the conditions required by the law relating to the separate property of married women, to protect it from seizure and sale for the payment of her husband's debts.

2. Evidence that a married woman received property from her father at the time of her marriage, or that it was bought with money received from her father's estate, without proof as to when she so received it, is not sufficient to entitle her to recover in a suit against a creditor of her husband for seizing such property for the debt of her husband.

3. SAME—*money paid to husband by her consent becomes his*. Where the money to which a married woman is entitled from her father's estate is, by her consent, paid to her husband, and he has full control of it with her consent, and does what he pleases with it, the money becomes his.

APPEAL from the Circuit Court of White county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. JAMES McCARTNEY, and Messrs. JOHNSON & GRAHAM, for the appellants.

Messrs. CREBS & CONGER, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

Certain personal property, claimed by appellee as her sole and separate property, having been seized and sold by virtue of a writ of attachment issued by a justice of the peace in a proceeding wherein appellants were plaintiffs and appellee's husband, Marcus B. Wood, was defendant, the present suit was brought to recover for the injuries she thus sustained.

The jury returned a verdict in favor of appellee for $198.40, whereupon she remitted $27 of the amount, and the court gave judgment for the balance, $171.40.

The burden was upon appellee to make satisfactory proof that the property, the seizing and selling of which is the subject of the suit, was her separate property, owned by her under the conditions required by the law relating to the separate property of married women, to protect it from seizure and sale for the payment of her husband's debts.

Appellee testified, in her direct examination, that the goods belonged to her individually; that part of them were given to her by her father on her marriage, and that the balance of them were bought with money received from her father's estate, but she does not state when she was married or when she received the money from her father's estate. We can not take judicial cognizance that she was married or received this money since the passage of the law, in 1861, vesting such property in married women, and if it was before that time, the property belonged to her husband, upon his reducing it to his possession.

But, again, in her cross-examination, she says: "When I received my money from my father's estate, it was, by my consent, paid to my husband. He had full control of the same, with my consent, and did what he pleased with it." If this be true, the money became his, for there is no pretense of an agency in this.

But, still again, she says: "My husband made some money of his own during the time, and may have purchased some of the articles with it." How many, and of what value, the ar-

ticles were, so purchased, we are not informed. For such articles she is clearly not entitled to recover, and yet, who can say they have not swelled the amount of this verdict?

For the insufficiency in the evidence in the respect pointed out, the judgment must be reversed and the cause remanded.

*Judgment reversed.*