RICHARD A. EDEY

v.

LEONARD G. FATH.

1. REPLEVIN—FRAUDULENT SALE—BURDEN OF PROOF.—In replevin of goods taken by attachment against a third person, if the attaching creditor seeks to justify under the attachment, claiming that the sale to plaintiff in replevin was fraudulent, the burden of proof is upon him to show such sale was fraudulent as to him.

2. PRESUMPTION OF OWNERSHIP. — Where a purchaser acquires title which is good as against both husband and wife, the presumption of ownership in the husband, arising from possession, is not conclusive in a suit between the purchaser and a creditor of the husband.

APPEAL from the Circuit Court of Montgomery county; the Hon. M. R. WELCH, Judge, presiding.   Opinion filed October 2, 1879.

Mr. R. McWILLIAMS and Mr. E. LANE, for appellant; that the attachment affidavit, not stating any grounds for attachment, is fatally defective and the attachment void, cited Reitz v. The People, 77 Ill. 518.

If the attachment creditor would justify under legal process, he must show that he acted under a valid writ, which was in full force: Dayton v. Fry, 29 Ill. 525.

Mr. GEORGE M. STEVENS and Mr. JAMES M. TRUITT, for appellee; that to justify an inference of fraud from inadequacy of price, it must be so much below value as to compel the conviction that the sale was not in good faith, cited Feigly v. Feigly, 7 Md. 537; Kempner v. Churchill, 8 Wall. 362; Copis v. Middleton, 2 Madd. 410; Ratcliffe v. Trimble, 12 B. Mon. 32; Borland v. Mayo, 8 Ala. 104.

When circumstances raise a doubt of the fairness of the transaction, the vendee must prove payment of an adequate consideration: Barrow v. Bailey, 5 Fla. 9; Seaman v. White, 8 Ala. 656; Bozman v. Draughman, 3 Stew. 243; Bryant v. Kilton, 1 Tex. 415; Kuykendall v. Hitchcock, 15 Mo. 416; State v. Evans, 38 Mo. 150.

Inadequacy of consideration is a badge of fraud: Kaine v. Weigley, 22 Penn. 179; Trimble v. Ratcliffe, 9 B. Mon. 511; Robinson v. Robards, 15 Mo. 459; Lee v. Hunter, 1 Paige, 519; Barrow v. Bailey, 5 Fla. 9; Arnold v. Bell, 1 Hay, 396; Durkee v. Mahoney, 1 Aik. 116; Seaman v. White, 8 Ala. 656; Danjean v. Blacketer, 13 La. 595.

Precision and formality, and the written transfer of personal property, calling witnesses to the sale, and parade of payment in their presence, are all evidences of fraud: Forsyth v. Matthews, 14 Penn. 100; McQuinnay v. Hitchcock, 8 Tex. 33; Kane v. Drake, 27 Ind. 29; Hartshorne v. Eames, 31 Me. 93; Goldsbury v. May, 1 Litt. 254; King v. Moore, 42 Mo. 551.

Transactions of this character should not be passed without the fullest explanation: Hunt v. Blodgett, 17 Ill. 583; Vandall v. Vandall, 13 Iowa, 247; Godfrey v. Germain, 24 Wis. 410.

Mere proof of payment without showing where the money came from, or how it was obtained, is not sufficient: Callan v. Statham, 23 How. 477; Gibbs v. Thompson, 7 Humph. 197; King v. Moore, 42 Mo. 551; Jackson v. Mather, 7 Cow. 301.

The presumption is that property in the possession of the husband is his: Farrell v. Patterson, 43 Ill. 52; Reeves v. Webster, 71 Ill. 308; Kahn v. Wood, 82 Ill. 219; Minter v. Walter, 1 Wright, 155.

Possession of the wife is that of the husband: Davison v. Smith, 20 Iowa, 466; Walker v. Reamy, 12 Casey, 410; Winter v. Walter, 1 Wright, 155.

The husband is *prima facie*, the owner of all the property in the possession of the family: Topley v. Topley, 7 Casey, 328; Allen v. Eldridge, 1 Col. T. 287; Odell v. Lee, 14 Iowa, 411; Smith v. Hewitt, 13 Iowa, 94; Gillespie v. Miller, 1 Wright, 247; Rhoads v. Gordon, 2 Wright, 277; Commonwealth v. Williams, 7 Gray, 337; Welch v. Kline, 7 Smith, 428.

The wife's possession will not amount to *prima facie* evidence of title in her: Stanton v. Kirsch, 6 Wis. 338.

Validity of the attachment proceeding cannot be questioned collaterally: Moore v. Mauck, 79 Ill. 391; Cooper v. Reynolds, 10 Wall. 308; Miere v. Brush, 3 Scam. 21.

A *scire facias* is but a summons, and an attachment in aid may issue upon a return of summons "not found:" Coursen v. Hixon, 78 Ill, 339; Cleveland v. Skinner, 56 Ill. 500.

*Scire facias* may issue at any time without an order of court: Tiffany v. Breese, 3 Scam. 499; Ryder v. Glover, 3 Scam. 547.

Where there has been an attempt at service of process, or other steps in a case, it will be presumed, in a collateral proceeding, that the court adjudged the acts done were sufficient : Mooney v. Moss, 22 Iowa, 380 ; Peck v. Strauss, 33 Cal. 678 ; Kepp v. Fullerton, 4 Minn. 473 ; Cale v. Butler, 43 Me. 401 ; Hendricks v. Whittemore, 105 Mass. 25 ; Christian v. O'Neil, 46 Miss. 669.

Where there is personal service in attachment, plaintiff may have special execution : Miere v. Brush, 3 Scam. 21 ; Conn v. Caldwell, 1 Gilm. 531 ; Kerr v. Swallow, 33 Ill. 379.

The practice in original suits in courts of record has no relation to practice in cases appealed from a justice : Campbell v. Giblin, 19 Ill. 54 ; Hennies v. The People, 70 Ill. 100.

McCulloch, J. This was a suit in replevin, brought by appellant against appellee, to recover certain goods levied upon by the latter as the property of one A. G. Ament, the defendant in the attachment writ, by virtue of which they were seized. Appellee purchased the goods at Morrisonville, Ill., on the 27th day of October, from Ament and his wife ; paid the purchase money and received such possession of the goods as would make the sale good as against creditors, unless there was fraud in the transaction. When appellee undertook to justify the seizure under the writ of attachment, he assumed the burden of proving property in A. G. Ament. This we think he wholly failed to do. Although there are some circumstances in evidence calculated to throw suspicion upon the transaction, yet they are not sufficient to overcome the testimony of the witnesses that the sale was made in good faith. The creditor having no lien upon the goods at that time cannot justify a seizure without proving the sale fraudulent as to him. Then, again, four witnesses—the debtor, his wife, his

father and another—all testify the property belonged to the wife at the time of sale. In reply to this it is said the presumption of law is that property in the possession of the husband belongs to him, and if the wife claims it she must show where and how she got it. In support of this view we are referred to Farrell v. Patterson, 43 Ill. 52 ; Reeves v. Webster, 71 Ill. 307; Kahn v. Wood, 82 Ill. 219, in which this rule is clearly announced. But in those cases the suits were brought by the wives claiming against the judgment creditors of the husbands. The burden of proof there was upon them to bring themselves within the provisions of the act of 1861.

In this case, appellant had title good in law against both husband and wife. The burden of proof was upon appellee to show title in the husband. This he supposed was accomplished by showing possession in the husband. But these witnesses all testify that the goods belonged to the wife. Counsel for appellee did not undertake, by cross-examination or otherwise, to inquire into the foundation of this claim of ownership in the wife, but chose to let it rest upon the presumption of law arising from the possession of the husband.

We do not consider this presumption so binding as to require us to believe that two of the witnesses at least, committed willful and corrupt perjury, and the other two testified to a statement of facts concerning which they had no sufficient information, as we must do if this presumption is to prevail over their testimony. We are therefore of the opinion that the proof fails to sustain the plea of justification, and reverse the judgment and remand the cause for a new trial.

                                    Reversed and remanded.