## John J. Curran v. Patrick McGrath.

1. DOMESTIC RELATIONS—*Presumptions as to Ownership of Property of Family.*—The law presumes, in the absence of evidence to the contrary, that a married man is the head of his family, and that the property in his possession is his own.

2. NUISANCES—*Noise and Smoke—Defenses.*—Mere noise may be a nuisance, and smoke and vibration of machinery aggravate such nuisance, and the fact that others in the same vicinity are in like manner incommoded is no answer to an action by an injured party.

3. VALUE—*What Admissible to Prove.*—Where the value of property is in question, offers to buy are admissible for the party who wishes to keep the property, the good faith of the offer and the ability of the party making the same to pay being subject to inquiry.

Trespass on the Case, for a nuisance. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

GEORGE P. MERRICK, attorney for appellant.

JAMES MAHER, attorney for appellee; A. W. BROWNE, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT. The law presumes, in the absence of evidence to the con-

trary, that a married man is the head of his family, and that the property in his possession is his own.    Smith v. Slocum, 62 Ill. 354; McVey v. McQuality, 97 Ill. 93.

This is an action by the appellee against the appellant for damages to the house and lot of the appellee, which he had occupied with his family for twenty years, and thereafter let to tenants, by the smoke, noise and vibration produced by the manufacturing establishment of the appellant on a lot near to the premises of the appellee—one lot between.

The mere noise is a nuisance.    C., M. & St. P. Ry. v. Drake, 148 Ill. 226.

The smoke and vibration aggravate the nuisance, and the fact that others in the vicinity were in like manner incommoded, is no answer to the action of the appellee.    Wylie v. Elwood, 134 Ill. 281.

Except as to the damages, which was a question for the jury upon conflicting testimony, the only question is whether there was error in permitting the appellee to state after he had, on a question by the appellant, testified that he parted with his title in 1892 for $3,700, that in 1888 he was offered $4,500.    Under the Eminent Domain Act, it has been decided that for the petitioner, evidence of the price at which other property in the neighborhood was offered for sale, was competent.    C. & W. I. R. R. v. Maroney, 95 Ill. 179. Much more would such offers of the same property be competent; and if for the party who wants to take the property, offers to sell are admissible, then, in principle, offers to buy must be admissible for the party who wants to keep. The good faith of the offer and the ability of the party making the offer to pay, would be subject to inquiry.

There is no error, and the judgment is affirmed.