114    483
a212s  606

## Louis Greenberg, et al., v. Agnes Stevens.

### Gen. No. 11,204.

1. OWNERSHIP—*presumption arising from possession.* While the presumption, where husband and wife reside together as such, is that the goods, chattels and personal property in the house and in their joint possession belong to the husband, yet such presumption is not conclusive but may be rebutted even as between husband and wife. But much more so is the right to rebut this presumption where the claimant to the property is not the wife but the stepdaughter of the execution creditor.

2. OWNERSHIP—*when estoppel to deny, does not arise.* The mere fact that a claimant to property has previously sworn that the same belonged to some one else, does not create an estoppel as against such person subsequently to claim ownership thereof, unless the party against whom such claim is asserted in some way altered his position by reason of such contrary oath.

3. DEMAND—*when, essential to maintain replevin.* Where an officer levies an execution upon property in the possession of the defendant in the execution, he only discharges his duty, and if another party claims the goods he must make a demand on the officer before bringing replevin; but no demand is necessary where such officer, prior to making

such levy, is notified that the goods did not belong to the execution debtor but to the plaintiff in the replevin action, and that upon receiving such information he said that he did not care whose property it was but would take the law into his own hands.

4. REPLEVIN—*when verdict in, is informal.* A verdict in replevin is informal which not only gives to the plaintiff the right to the property involved in the action, but also damages for its value; but such informality is harmless and will not reverse where it appears that the plaintiff did not actually obtain possession of the property involved in such suit.

Action of replevin. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed June 17, 1904.

EDWARD H. MORRIS, for appellants.

THORNTON & CHANCELLOR for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This was replevin by appellee against appellants with a count in trover. There was no property recovered on the replevin writ, and the return thereon so showed.

To the declaration appellants pleaded *non cepit, non detinet,* not guilty as to the count in trover, and a plea averring that appellant Greenberg, being a constable, had taken the property in question in pursuance of a levy thereon under an execution against O. W. Freese, and that the property belonged to said Freese. A trial by jury resulted in a verdict of guilty against both appellants, and appellee's damages were assessed at $2,500. After a remittitur of $1,840, and the overruling of a motion for a new trial, judgment was entered for $660, from which this appeal is taken.

At the trial it appeared that appellee, an unmarried woman twenty-four years old, had been living with her mother for some years when the latter married again, her second husband, O. W. Freese, being the person mentioned in the plea of justification as the owner of the property. All three were living together as members of one family at the time of the levy of the execution, and the articles

taken were household goods found upon the premises occupied by the three.    Except as hereinafter stated the proof showed without controversy that appellee was the owner of the goods; but it is claimed that the court erred in not granting a new trial because upon the foregoing facts O. W. Freese, appellee's stepfather, should have been held to be the owner, and reliance is had on Reeves v. Webster, 71 Ill. 307, Rice v. Sayles, 23 Ill. App. 189, and Curran v. McGrath, 67 Ill. App. 566.    These cases hold that where husband and wife reside together as such, the presumption of law is that the goods, chattels and personal property in the house and in their joint possession belong to the husband. While such is the presumption, it is not, however, conclusive, but may be rebutted even as between husband and wife by proof that the wife purchased the property and obtained the consideration which she paid for it from a person other than her husband.    Reeves v. Webster, *supra*.    Much more so is this the case where, as here, the claimant of the property is not the wife but the stepdaughter of the execution debtor, and it appears without controversy that she bought it with money which she inherited from her deceased father and grandmother.

There was proof tending to show that in the course of bankruptcy proceedings instituted by appellee's mother, appellee before bringing the present suit had sworn that a small part of the property in question belonged to her mother and not to herself.    It is therefore contended that she is now estopped from claiming this part and that the damages are excessive, even after the remittitur, because they include the value of the part.    Whatever may be the rule elsewhere, under the law of this state no estoppel arises from the mere fact that appellee had previously sworn the goods belonged to somebody else.    To have such conduct on her part operate as an estoppel *in pais* appellants should have shown further that by reason thereof and in reliance thereon they had altered their position to their detriment.    Hefner v. Vandolah, 57 Ill. 520.    In Snydacker v. Brosse, 51 Ill. 357, the plaintiff had filed a

replevin affidavit before a justice of the peace in which she claimed the goods belonged to her husband and caused them to be replevied in his name. She afterwards brought trespass for damages to the same goods, and the Supreme Court say (p. 363): "It is urged that appellee, having sworn in her affidavit that the property was her husband's when she commenced the replevin suit, is estopped from now suing for any damage to it. Such an affidavit is no doubt strong evidence to prove that the property belonged to her husband, but at the same time, it is not conclusive. She might, if she could, explain the affidavit and show that the property belonged to her; and it is for the jury to say from all the circumstances whether she succeeded in the proof."

The court refused the following instruction asked by appellants:

"If the jury believe from the evidence in this case that the plaintiff, Agnes Stevens, was living in the premises, 275 Bissell street, with her mother and stepfather, O. W. Freese, and that she, Agnes Stevens, permitted the property in question in this suit to be mixed and intermingled with property of her stepfather, and to be used by him and her mother in common with other household furniture, and that while said property was so being used the defendant, Greenberg, had placed in his hands an execution against O. W. Freese, the stepfather, and if the jury find that said Greenberg levied upon said property under said execution, then the jury are instructed that in such case the taking of the property in question by said Greenberg was not wrongful, and before this suit can be maintained the plaintiff must prove a demand upon said Greenberg for said property."

This instruction it is said should have been given because, it appearing that the execution debtor was the head of the family it was to be presumed that he was the owner of the property, and therefore the levy by the constable was so far rightful as to make a demand upon him necessary before the replevin suit could be maintained; and no such demand was proven. Where an officer levies an execution on property in the possession of the defendant in the execution, he

only discharges his duty, and if another party claims the goods, he must make a demand on the officer before bringing replevin. Tuttle v. Robinson, 78 Ill. 332; Hardy v. Keeler, 56 Ill. 152. But in these very cases it is held that no demand is necessary where the original taking was tortious and wrongful. Clark v. Lewis, 35 Ill. 417. In the case at bar the proof tended to show (what the refused instruction ignores) that the appellant constable was notified that the goods did not belong to the execution debtor, but to appellee; that he said he did not care whose property it was, but would take the law into his own hands. This proof was not denied, and it shows the constable to have been a wrong-doer. His execution ran against O. W. Freese, and gave him no authority to seize the goods of appellee.

Finally it is contended that the form of the judgment is wrong. It reads as follows:

" Therefore it is considered by the court that the plaintiff do have and retain the property replevied by virtue of a writ of replevin issued in said cause, and do have and recover of and from the defendants the said sum of six hundred and sixty dollars, together with her costs and charges, and that execution issue therefor."

The verdict of the jury also found " the right to the possession of the property in question in the plaintiff." It is very clear that appellee cannot be at the same time entitled to the property and to damages for its value; but the error is a harmless one. She was adjudged " to have and retain the property replevied by virtue of the writ of replevin issued in said cause;" but the record shows that no property was obtained or replevied on the writ. In view of this condition of the record, the first part of the judgment is a mere nullity.

The judgment is affirmed.

*Affirmed.*