LOUIS GREENBERG *et al.*

*v.*

AGNES STEVENS.

*Opinion filed December 22, 1904.*

1. REPLEVIN—*when demand to return property is unnecessary.* Demand for the return of property is not essential to the right to maintain replevin where the property was seized by the officer with full notice of the plaintiff's title and in disregard of the bills and receipts produced by the plaintiff to prove her ownership of the property.

2. SAME—*what not such an intermingling of goods as requires demand.* The fact that among the household goods levied upon are a suit of clothes, a pipe and watch chain belonging to the execution debtor does not require designation and demand as a prerequisite to the maintaining of replevin for the household goods, where the plaintiff, at the time of the levy, tendered the officer written instruments showing her ownership, which he refused to look at; his actions being those of a reckless wrongdoer.

3. SAME—*when error in replevin judgment is harmless.* Error in a replevin judgment in ordering that the plaintiff have and re-

tain the property taken by the writ, as well as assessing damages for the value of the same property, is harmless where no property was found and taken by virtue of the writ.

4. SAME—*presumption that apparent head of the family owns household goods is not absolute.* The presumption of ownership of property by an execution debtor, arising from fact that he resided in the house where the property was in use as household furniture and goods and was the apparent head of the family, is rebuttable.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

EDWARD H. MORRIS, for appellants.

THORNTON & CHANCELLOR, (JAMES D. ANDREWS, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action in replevin, with a count in trover, instituted by the appellee against the appellants. The writ of replevin was returned with an endorsement that the property therein described could not be found.

The appellant Greenberg, a constable, held an execution against the goods and chattels of one O. W. Freese, by virtue whereof he levied upon and seized the goods and chattels described in the declaration. The appellee, claiming to be the owner, brought this action to recover the articles, or their value. The cause was tried before the court and a jury, and judgment was entered in the trial court in her favor in the sum of $660. The Appellate Court, on appeal, affirmed the judgment. A certificate of importance was granted and this appeal was perfected.

The appellee did not, before instituting the action, demand that the constable should surrender the property, and for that reason it is urged the trial court should have sus-

tained the motion entered by the appellants to direct the jury to return a verdict in their favor.

The execution debtor, O. W. Freese, was step-father to the appellee. He, his wife (the appellee's mother) and the appellee lived together as members of a family, in a house which belonged to appellee. It appeared without dispute that the goods sought to be replevined, which consisted of parlor furniture, beds, bedding, a table, lady's scarf, jackets, etc., belonged to appellee. They were in use, in part, as household goods, but it was proven, and not denied, that the appellee was present when the officer came with the execution, and that she notified him, before he made the levy, that the property belonged to her and was not the property of the debtor; that the officer said "he did not care what she claimed—that he was going to take the property;" that "she was a liar, and that he did not care who claimed the property;" that "he was going to take the law into his own hands and be the judge of the matter himself." It was further proven, and not denied, that appellee's mother at the same time told the officer that the property did not belong to her husband but belonged to the appellee, and also told him how the daughter came to be the owner of the property, and that bills and receipts showing that the property had been purchased by and paid for by the appellee were tendered to the officer; that he threw the bills and receipts on the floor and threatened to put hand-cuffs on appellee's mother, and finally knocked her down and seized the property by force.

It was, at least, a controverted question of fact whether the property was in the possession of the appellee, and if it was in her possession and was taken from her possession by the constable no demand was necessary, and for that reason the court should have submitted the case to the jury. The defendant in the execution was not present when the levy was made, nor was there any proof tending to show that he had or claimed the right to have possession of the property, save such presumption as might arise from the facts he re-

sided in the house where the property was in use as household furniture and goods and was the apparent head of the family. But the constable was notified of facts which tended to rebut any such presumption. (*Reeves* v. *Webster,* 71 Ill. 307.) He was distinctly advised that the property belonged to the appellee and was in her possession and warned not to seize it, and having taken possession of it with full notice of the appellee's title, no demand, under all of the circumstances, was necessary. (14 Am. & Eng. Ency. of Law,— 2d ed.—508.)

Among other articles levied upon and seized by the constable were a suit of men's clothing, a gold watch chain and a pipe. These articles belonged to the defendant in the execution. It is urged that these goods of the execution debtor were mixed or confused with the goods of the appellee and that the appellee failed to point out specifically the articles belonging to her, and that for that reason a levy upon all the property was lawful, and that demand for the particular articles belonging to the appellee was essential to the maintenance of an action of replevin or trover. When the goods of a stranger to an execution are so intermingled and confused with goods belonging to an execution debtor as that they cannot be distinguished, it is the duty of such stranger to the process to designate to the officer the goods which are not subject to the execution, and if such designation is not made the officer may levy upon the whole, and demand would be requisite to the maintenance by the stranger of replevin or trover. In the case at bar it can hardly be said the articles belonging to the execution debtor were so intermingled with the property of the appellee as that they could not be readily distinguished. The property belonging to him was not such as would be supposed to belong to a woman, being the apparel of a man, a pipe and a chain for a man's watch. The appellee sought to notify the officer as to the articles of property which belonged to her and tendered to him written instruments disclosing the same, but he refused to look at such

212—39

writings or to consider her claims. The appellee did all that was in her power to do to point out the articles that belonged to her, and the actions of the officer were those of a reckless and oppressive wrongdoer, against whom no demand was requisite.

Instruction No. 9 asked by the appellants was properly refused. It sought to charge the jury that a presumption of law absolutely obtained that the property in question was the property of the step-father. The presumption was rebuttable and there was evidence tending to rebut it, and this the instruction entirely ignored.

Instruction No. 12 asked by appellants and refused is as follows:

"The jury are instructed that if they believe, from the evidence, that the defendant Louis Greenberg was an acting constable in and for the town of North Chicago, and that as such constable the execution shown in evidence came into his hands to be executed by him, and that while the property in dispute was in the possession and under the control of the defendant, O. W. Freese, in said execution, said constable levied the execution upon the property in controversy as the property of O. W. Freese, such taking and levy would not be unlawful as to the plaintiff, Agnes Stevens, and in such case, unless the jury believe, from the evidence, that a demand for the property was made before bringing this suit, the defendant would not be guilty of a wrongful taking or a wrongful detention, and they should find the defendant not guilty."

Had this instruction been given, the jury would have been misled to understand that demand was necessary to the maintenance of the action, notwithstanding it appeared from the proofs that the appellee notified the constable that the articles sought to be replevined belonged to her and were not the property of the execution debtor, and notwithstanding it might be that the conduct of the officer was such as to make him a trespasser. This instruction was properly refused.

It is contended that the judgment entered in the trial court is so erroneous as to require reversal of the cause. It reads as follows: "Therefore it is considered by the court that the plaintiff do have and retain the property replevined by virtue of a writ of replevin issued in said cause, and do have and recover of and from the defendants the said sum of $660, together with her costs and charges, and that execution issue therefor."

The appellee could not at the same time be entitled to the property and also to an assessment of damages for the value of the same property. Nor does that judgment have that legal effect. It awards the appellee the right to "have and retain the property replevined by virtue of a writ of replevin issued in the cause," but as no property could be found and none was taken by virtue of the writ, the appellee takes nothing by force of this provision of the judgment. That portion of the judgment does not benefit the appellee or injure the appellants. The error in the judgment is harmless. This view is entirely consistent with *Mattingly* v. *Crowley*, 42 Ill. 300. That was an action in replevin. The plaintiff was defeated in the trial court and judgment there entered that he make return of the property described in the writ. The writ described a steer, but the animal could not be found by the officer and consequently did not come into the possession of the plaintiff. Nevertheless the judgment required him to return the steer, and was for that reason held erroneous and harmful. In the case at bar the judgment was that the plaintiff in replevin should have and retain the property delivered to her under the writ, but as no property had been taken under the writ or delivered to her the error was not prejudicial to the appellants.

The judgment is affirmed.          *Judgment affirmed.*