## DRINKWATER *v.* CRIST.

### Opinion delivered June 24, 1907.

HUSBAND AND WIFE—POSSESSION OF HUSBAND—PRESUMPTION.—The law presumes that land in the possession of a husband belongs to him, rather than to his wife; and this presumption is strengthened by proof that the land was assessed to him and the taxes paid by him.

Appeal from Perry Chancery Court; *J. G. Wallace,* Chancellor; reversed.

#### STATEMENT BY THE COURT.

Appellees instituted proceedings in the Perry Chancery Court to confirm title under chapter 25 of Kirby's Digest. The petition states that:

"N. E. Crist is the daughter and only heir at law of Nannie E. Drinkwater, who departed this life intestate in said county, on or about the 23d day of April, 1905. That she has intermarried with J. A. Crist, one of your petitioners, with whom she now resides. That prior to her said mother's death, about the

year 1889, petitioner is informed and believes her said mother purchased the southwest quarter of the southeast quarter of section 18, in township 4 north, range 15 west, from some person unknown to her, and moved on said land, and built a dwelling house, and cleared about ten acres of land thereon, and her mother has occupied and been in the open and peaceful possession thereof from that date up to the date of her death, and has paid the taxes thereon for more than seven years before the filing of this suit. That your petitioners are now in possession of said land, and no one claims adverse possession to them. That petitioner is informed that a deed of conveyance was made and delivered to her mother for said land, but that the same has become lost or mislaid through no fault of your petitioners, and that they have been unable to find any record of the same. Wherefore petitioners pray for an order and decree of this honorable court establishing and quieting the title to the said land in N. E. Crist, and for all proper relief."

Appellant appeared and answered as follows:

"That in the spring of the year 1889 the said F. W. Drinkwater and his mother, Becky Drinkwater, moved upon the land described in the said petition, and built a house and cleared and put in cultivation about four or five acres of land; that they moved upon said land thinking it was a part of a homestead which his said mother had obtained from the United State. That after they had been upon the land some time and had made the improvements aforesaid they discovered that the land did not belong to the United States, but was owned by some person whose identity they have never been able to learn. That they remained upon said land and in possession and paid the taxes for two years. That some time in the year 1892 J. C. Drinkwater, a brother of F. W. Drinkwater, moved upon said land, made some improvements thereon, remained in possession thereof and paid the taxes thereon until the time of his death, in the year 1904. That Nannie Drinkwater, the mother of petitioner N. E. Crist, was the wife of the said J. C. Drinkwater, and that said petitioner is a child by a former marriage, and said petitioner has no interest in the estate of the said J. C. Drinkwater. He denies that a deed of conveyance was ever made conveying said land to Nannie Drinkwater, mother of

said petitioner, but states the truth to be that, if there was ever any deed made, said deed conveyed said land to J. C. Drinkwater, his brother, and he asks that petitioners be required to produce their deed referred to in their petition or to account and prove its contents. He denies that petitioner's mother ever had improvements on said land, but states the truth to be that all improvements made on said land were made by himself, his mother and J. C. Drinkwater. He denies that petitioners have been in open and peaceable possession of said land since the year 1889, or that the said petitioners or the mother has paid the taxes on said land for more than seven years. That F. W. Drinkwater is a brother and heir-at-law of J. C. Drinkwater, who died without issue in Perry County in 1904. Wherefore he asks that petitioners be required to produce their deed or prove its contents, and that, if said deed conveyed said land to J. C. Drinkwater, his interest be declared by the court."

Appellees replied, denying that J. C. Drinkwater ever had a deed to the land in controversy.

The testimony on behalf of appellees tended to show that for about fifteen years N. E. Crist and her mother, who at the time of her death was Mrs. Nannie Drinkwater, had been in possession of the lands, that they did most of the fencing and clearing. One witness for appellees testified that Mrs. Drinkwater and her husband and appellee N. E. Crist cleared the land.

Appellee J. A. Crist, husband of appellee N. E. Crist, testified that his wife, N. E. Crist, had been in peaceable possession of the land in controversy and had paid the taxes thereon for more than seven years; that his mother-in-law, Mrs. Nannie Drinkwater, in 1904 employed him to build a two-story box house on the land. Appellee Mrs. N. E. Crist testified that she was the only heir of Mrs. Nannie Drinkwater; that her mother died April 23, 1905. Her mother rented the land in the spring of 1905 to C. F. Christian. She and her mother and her mother's husband (J. C. Drinkwater) settled on the land in 1889, cleared twenty acres, and built a house. She and her mother did most of the clearing and fencing. Her mother informed her that she had bought the land and had a deed to it, but, being young, she didn't remember from whom her mother said she got

the land. Since the death of J. C. Drinkwater, her step-father, she heard her mother accuse appellant of going into her trunk and getting her papers, and he admitted it. That she is unable to find a deed or record of one, and believes appellant purloined it. That her mother worked in the field, and made a crop every year with J. C. Drinkwater, and paid the taxes on said land through said J. C. Drinkwater, her agent, with her own money earned on said farm from 1889 to present time. She identifies and attaches tax receipts. That her mother was in the continuous and peaceable possession of said land up to the date of her death, and she claims through her, and no one is holding adverse to her.

Tax receipts were introduced showing that for the year 1890 Mrs. A. Drinkwater paid the taxes. For the years 1892-3-4-5-6-7-8, 1900-1-3, J. C. Drinkwater paid the taxes. For the year 1904 the taxes were paid by Mrs. J. C. Drinkwater. The taxes were paid by her April 5, 1905. It was shown by a witness who testified at the instance of appellees that the land was on the tax books in the name of J. C. Drinkwater. It was also shown by witnesses who testified on behalf of appellee that the tenant of appellees who was in possession in 1905 had moved away, and that Oscar Drinkwater, a brother of appellant, took possession of the land.

Appellant testified as follows:

That in 1889 his mother and himself entered upon the land in controversy, thinking it was land his mother had homesteaded; built a house and cleared four or five acres; did some fencing and general improvements. Later they learned they were not on Government land, but, as they could not find any claimant, they remained on the land about eight months, and his mother paid taxes on it for several years. His mother died in 1892, and his brother, J. C. Drinkwater (stepfather of appellee), moved on the land. J. C. Drinkwater in 1891 married Mrs Nannie Harris with one child, N. E. Harris, now N. E. Crist (appellee). J. C. Drinkwater continued to live on the land and pay taxes thereon until the time of his death, July, 1904. He left no children. No one ever disputed the right of possession of appellant's mother, J. C. Drinkwater or of himself. No one had ever made any improvements on the land except appellant's mother, himself

and J. C. Drinkwater. Mrs. Nannie Drinkwater never had any improvements on the place. Neither his mother nor himself ever made a deed to any one to these lands. He never knew of his brother, J. C. Drinkwater, having done so. After his brother's death, his widow, Mrs. Nannie Drinkwater, continued to reside on the land till the spring of 1905, when she left the place. He paid taxes on the place in 1904 for 1903, and applied to pay again in 1905 for 1904, and found that they had been paid. That if appellee ever paid the taxes it was for the year 1903. That she had not been in peaceable possession of the land for any time. They only lived on the place with Mrs. Drinkwater until she left the place. When Mrs. Drinkwater left the place, she rented to one Christian, who lived there until November, and when he left after the death of Mrs. Drinkwater appellant took possession and still has possession.

Two other witnesses corroborated the testimony of appellant.

On the above evidence the court rendered a decree in favor of appellee N. E. Crist, quieting her title.

*Sellers & Sellers,* for appellant.

1. A contest of the right of confirmation is not such a contest as is to be decided upon the proper preponderance of the evidence. The petitioner is required to establish his title and right to confirmation. Kirby's Digest, § 654. The right to contest does not depend on the showing of a valid title by contestant. 68 Ark. 430; 71 *Id.* 211; 76 *Id.* 447; Kirby's Digest, § § 653, 654, 671.

2. There is no proof of a deed to appellee, and secondary evidence was not admissible. 17 Cyc. 536; 13 Ark. 502; 3 N. Y. 428. An admission, to be receivable in evidence, must be in disparagement of declarant's title and not in proof of it. 1 Am. & Eng. Enc. (2 Ed.), p. 683 and note.; 40 Pac. 954; 29 S. W. 21; 15 Oh. St. 15; 44 Am. Dec. 207.; 19 S. W. 131; 50 Am. Dec. 114; 16 Cyc. p. 1204, note 2.

3. There is no proof of adverse possession. Land in the joint occupancy of husband and wife is presumed to be in the possession of the husband. 27 Am. St. Rep. 723; 67 Ill. 566. Agency of the husband for the wife can not be proved in the

way attempted here. 56 Ark. 202. A wife can not hold adversely to her husband. 1 Am. & Eng. Enc. (2 Ed.), 820; 61 Cal. 109; 53 Mich. 575; 18 Am. St. Rep. 111.

*Carmichael, Brooks & Powers,* for appellee.

1. The finding of a chancellor is conclusive unless against the clear preponderance of the evidence. 71 Ark. 605; 68 *Id.* 314; *Ib.* 134; 72 *Id.* 67; 73 *Id.* 489; 67 *Id.* 200; 75 *Id.* 52; 77 *Id.* 305. The proof amply sustains the decree. The seven years' payment of taxes alone was sufficient.

2. If J. C. Drinkwater owned the land, it was a new acquisition, and, under § 2709, Kirby's Digest, appellee was entitled to one-half the land.

3. The depositions do not show that they were filed by the clerk. 35 Ark. 395.

WOOD, J., (after stating the facts.) First. The act under which appellees seek to confirm title requires that they shall "prove all the allegations" of their petition. Kirby's Digest, § 654. Appellee N. E. Crist seeks confirmation under two allegations of her petition: That her mother, Mrs. Nannie E. Drinkwater, "purchased the land" in controversy "from some unknown person," and "that a deed of conveyance was made and delivered to her, but that the same has become lost or mislaid." Appellees have wholly failed to establish any deed to Mrs. Drinkwater, mother of appellee N. E. Crist. There is some testimony in the record to the effect that Mrs Drinkwater accused appellant of "going into her trunk and getting *her papers,* and that he admitted it." But this evidence, even if it were conceded to be competent for the purpose, fell far short of proving that there was a deed to Mrs. Drinkwater for the land in controversy.

Second. "That her mother has occupied and been in open and peaceable possession thereof from that date" (the date of purchase) "up to the date of her death, and has paid the taxes thereon for more than seven years before the filing of this suit. That petitioners are now in possession of the land, and no one claims adversely to them," etc. The evidence does not prove these allegations. True, the testimony on behalf of appellees was to the effect that Mrs. Drinkwater and appellee N. E. Crist were in possession of the land since about 1889, and that they did

"most of the clearing and fencing;" but the testimony also of appellees was to the effect that J. C. Drinkwater, the husband of Mrs. Drinkwater, was also in possession of the land at the same time; that he was living on the land with his wife, the mother of appellee Mrs. N. E. Crist. In the absence of proof that the land in controversy was owned by Mrs. J. C. Drinkwater in her own name and right, and that she was the head of the family, the law presumes, and wisely too, that the husband was the head of the family, and that the land in his possession belonged to him. *Curran* v. *McGrath*, 67 Ill. App. 566. That is the presumption in the absence of proof to the contrary. But there is no proof here to the contrary. The statement of appellee's witnesses that Mrs. Drinkwater was in possession was a mere conclusion. Having stated also the fact that the husband of Mrs. Drinkwater was in possession, the law fixes the possession in him. The tax receipts tend strongly to show that the real facts as to the possession and ownership of the land were in accord with the presumption which the law raised on the mere possession of J. C. Drinkwater. The taxes were paid by him, and the land was in his name on the taxbooks till his death. The testimony on behalf of appellant makes it clear that J. C. Drinkwater, and not Mrs. Drinkwater, was in the possession of the land at the time of his death. If there is ownership of the land by adverse possession, it must inure to the benefit under the present proof of the heirs of J. C. Drinkwater, and not to the appellee N. E. Crist.

The proof, however, upon the whole case as to the ownership of the land is unsatisfactory, and does not appear to have been fully developed. As the record shows that appellant is now in possession, we will not dismiss the cause, but for the errors indicated will reverse and remand with leave to appellees, if they are so advised, to amend pleadings and to have cause transferred to the law court and to proceed as in an action at law.

Reversed and remanded.

ON REHEARING.

Opinion delivered July 22, 1907.

WOOD, J.   The proof shows that J. C. Drinkwater left no children, and that he acquired the land in controversy after his intermarriage with the mother of appellee.   The land was a new acquisition, and under section 2709 of Kirby's Digest, "if a husband die leaving a widow and no children, such widow shall be endowed in fee simple of one-half of such estate of which her husband died seized."

It follows that the mother of appellee was the owner of one-half of the land in controversy, and appellee when her mother died inherited her estate.   The opinion heretofore rendered will be modified, and the title to an undivided one-half interest will be decreed to appellee N. E. Crist, and the title to the other undivided half will be decreed to the heirs of J. C. Drinkwater. The cause will be reversed and remanded with directions to amend pleadings, if the parties are so advised, to make other heirs of J. C. Drinkwater parties, and proceed to determine the equities and rights of all parties in interest according to the status fixed by this opinion, and for such other and further proceedings not inconsistent herewith as may be necessary for the purpose indicated.   The clerk is directed to divide the cost equally between appellant and appellee.